444 F.Supp. 110 (1978)
In re IBM PERIPHERAL EDP DEVICES ANTITRUST LITIGATION.
ILC PERIPHERALS LEASING CORPORATION, Plaintiff,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.
MEMOREX CORPORATION, Plaintiff,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.
MDL-163-RM, Nos. C-73-2238 SC, C-73-2239 SC.
United States District Court, N. D. California.
January 13, 1978.
*111 John Endicott, Gibson, Dunn & Crutcher, Los Angeles, Cal., for Memorex Corp.
Patrick Lynch, O'Melveny & Myers, Los Angeles, Cal., for IBM.

ORDER
CONTI, District Judge.
This matter is before the court on IBM's motion to overrule objections to the admission of relevant former testimony. IBM divides the former testimony at issue into four categories: (1) trial and discovery materials developed in cases designated in Pretrial Order No. 2; (2) testimony taken in the SEC investigation of Memorex; (3) testimony from Memorex v. Century Data Systems; and (4) testimony from CalComp v. IBM. Memorex interposes both general and specific objections to use of this testimony. A final point raised by IBM concerns the available sources of former testimony from which it may counter-designate materials in response to a designation by Memorex.
Pretrial Order No. 2 lists twelve cases from which the parties may designate materials for use in this case (¶¶ 2.10-2.21), and sets up a designation-counter-designation procedure (¶ 2.4). Paragraph 2.5 of the order provides:
[T]he parties shall (a) confer in good faith concerning the elimination of foundational objections to the material designated pursuant to Paragraph 2.4 and, to the extent practicable, the admission of any such Designated or Counter Designated *112 Material into evidence without objection; (b) fix appropriate times and procedures by which any party objecting to the proposed use at trial of Designated or Counter Designated Materials shall file and serve a statement of objection to such designation setting forth each ground therefor. To the extent that there remains in dispute between the parties the use or admissibility of any such Designated or Counter Designated Material at trial, any party may upon notice and motion seek pretrial resolution of such dispute by the Court. . . . Construing this provision, it is the intention of the parties that the aforesaid materials in the Designated Cases shall be available for use by the parties herein so that these cases may be prepared for trial in the most expeditious and least expensive manner in accordance with Rule 1, F.R.C.P.
IBM designated former testimony from three of these cases (U. S. v. IBM, Telex v. IBM and Control Data Corp. v. IBM) which it intends to read at trial. Memorex objected to use of this testimony on the ground that because it was not a party to these cases, the materials are hearsay. When informal discussions failed to resolve the dispute, IBM filed this motion.
IBM focuses on the last sentence of paragraph 2.5 of Pretrial Order No. 2 excerpted above, and argues that admission of the designated former testimony would be consistent with the spirit of the provision. If the court were construing this paragraph in a vacuum, it might agree. However, events both prior and subsequent to the negotiation of the order cast a different light on this language.
In the initial draft of Pretrial Order No. 2, paragraph 2.5 read as follows:
Depositions taken in Designated Cases shall be deemed to have been taken in these cases, and all parties hereto shall be deemed to have been present at each such deposition with motive and interests similar to the parties actually present. Testimony given in a Designated Case shall be deemed to have been given in these cases. All objections, other than to the form of the question, are hereby reserved to the parties hereto. (Doten Affidavit, Exhibit D.)
If this paragraph had been incorporated in the final version, Memorex would have waived its hearsay objection to the designated case materials. However, paragraph 2.5 was revised at Memorex's insistence, and this provision was specifically excluded. (Blecher Affidavit.) In addition, after Pretrial Order No. 2 was signed in its present form, IBM and CalComp entered into a further agreement the terms of which are similar to draft paragraph 2.5.
The fact that Memorex refused to agree to Pretrial Order No. 2 as originally proposed, and the fact that IBM negotiated the supplementary stipulation with another party to the final version weigh against IBM's interpretation. Upon considering the surrounding circumstances, the court concludes that paragraph 2.5 of Pretrial Order No. 2 is only applicable to materials from designated cases that a party desires to use against a party to one of those cases.
Even though the waiver claim fails, the former testimony at issue would be admissible over Memorex's objection if IBM can fit it within one of the exceptions to the hearsay rule. IBM argues that both the exception for former testimony, Fed.R.Ev. 804(b)(1), and the other exceptions provision, Fed.R.Ev. 804(b)(5), allow the admission of this testimony. These exceptions will be discussed separately below, but the court feels obliged to comment at the outset on IBM's failure to demonstrate that any of the declarants are unavailable. Both these exceptions require a showing of unavailability as that term is defined in Fed.R.Ev. 804(a). In any event, even assuming unavailability, the court concludes that neither of these exceptions is sufficient to save this testimony for IBM.
Fed.R.Ev. 804(b) provides:
The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(1) Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in *113 compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
. . . . .
IBM makes two arguments in support of the applicability of this exception. First, it contends that "[a]s to each of the Designated Cases, and as to CalComp and the SEC investigation, there was a party with the opportunity to examine and with a motive similar or identical to that which Memorex now has to develop the testimony by direct, cross or redirect examination." While many commentators have argued in favor of such an exception for former testimony, and the rules as submitted by the Supreme Court so provided, Rule 804(b)(1) of the Federal Rules of Evidence was amended by Congress. As explained in the House report:
The Committee considered that it is generally unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party. The sole exception to this, in the Committee's view, is when a party's predecessor in interest in a civil action or proceeding had an opportunity and similar motive to examine the witness.
H.R.Rep.No.650, 93rd Cong., 2d Sess. (1973), 4 U.S.Code Cong. & Admin.News pp. 7088-89 (1974).
Thus, IBM's first argument was expressly rejected by Congress.
IBM also argues that the designated case plaintiffs and CalComp "can be deemed Memorex's `predecessor in interest.'" The legislative history of the rules offers no definition of the term "predecessor in interest." However, one commentator has stated:
The term "predecessor in interest" was apparently used in its old, narrow, substantive law sense. It could not have been used in an evidentiary sense, where probative force would be its rationale, since it would then be equivalent to "those having a similar motive and opportunity to develop the testimony"  a concept rejected by Congress.
J. Weinstein & M. Berger, Weinstein's Evidence § 804(b)(1)[04], at 804-65 (1976).
Adopting this definition, the court concludes that none of the parties to these other cases were predecessors in interest of Memorex. The court is also of the opinion that In re Master Key Litigation, 72 F.R.D. 108 (D.Conn.), aff'd per curiam, 551 F.2d 300 (2d Cir. 1976), which involved "[t]he unique relationship between the Government's antitrust enforcement suits and the private actions which follow," id. at 109, should be limited to that situation.
The other exceptions provision, Fed. R.Ev. 804(b)(5), was intended to allow the courts a certain amount of discretion in admitting hearsay where there are equivalent circumstantial guarantees of trustworthiness. However, it is unlikely that Congress meant this exception to be used to circumvent its own restriction of another exception. That is what IBM proposes to have the court do here. The court declines this invitation.
In summary, the court holds that Memorex did not waive its right to object to admission of designated case materials from cases in which it was not a party by signing Pretrial Order No. 2. IBM was on notice in August, 1974, that Memorex was opposed to its intended use of this former testimony. It will not be heard to complain at this late date. Neither the designated case materials, nor testimony from the SEC investigation or CalComp is admissible under Rule 804(b)(1) or (5) of the Federal Rules of Evidence, even if it is assumed that the declarants are unavailable. As to testimony from Memorex v. Century Data Systems, because it is not a designated case, the testimony is admissible only if the declarant is unavailable and it is not objectionable on other grounds, which Memorex indicates it may well be.
*114 The final point raised by IBM concerns the available sources of former testimony from which it may counter-designate materials in response to a designation by Memorex. No provision is made in Pretrial Order No. 2 that covers this question. Rule 106 of the Federal Rules of Evidence provides:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part of any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.
The court is of the opinion that except where Memorex has a sufficient specific objection, IBM should not be limited to a particular source of former testimony for counter-designation purposes.
For the reasons and to the extent indicated above, the court hereby orders that IBM's motion to overrule objections to the admission of relevant former testimony is denied.