In the Matter of Joseph L. NASER and Cindy S. Naser, a/k/a Cindy S. Schwennsen, f/d/b/a Kiddie Kove Daycare Center, Debtors.

**HERITAGE MUTUAL INSURANCE COMPANY and Edward H. Peterson, Plaintiffs,**

v.

**Joseph L. NASER, Defendant.**

**Bankruptcy No. 80–00268. Adversary No. 80–0089.**

United States Bankruptcy Court, W. D. Wisconsin.

Nov. 17, 1980.

Richard J. Kelly, Garvey, Anderson, Kelly & Ryberg, S. C., Eau Claire, Wis., for plaintiffs.

Eugene J. La Fave, Adler, La Fave, Herrell & Jordan, Eau Claire, Wis., for defendant–debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER.

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The Heritage Mutual Insurance Company and Edward H. Peterson having duly filed a complaint objecting to the discharge of a certain judgment in the above entitled bankruptcy, by their attorneys Garvey, Anderson, Kelly & Ryberg, S.C., and the debtor and defendant, Joseph L. Naser, having duly filed an answer by Eugene J. La Fave, his attorney, denying the allegations of the complaint and claiming that said judgment described in plaintiffs' complaint is dischargeable; and a pre–trial having been held; and a trial having been thereafter held before the Court, and testimony having been taken; and the Court having heard the arguments of counsel, and having considered the briefs of the respective attorneys, and being fully advised in the premises, FINDS:

1. That on or about March 11, 1980, Joseph L. Naser and Cindy S. Naser filed a petition for bankruptcy herein.

2. That on or about September 25, 1976, the defendant, Joseph L. Naser, was involved in an automobile collision on County Trunk Highway "X" at the intersection of County Trunk Highway "K" in Chippewa County, Wisconsin.

3. That the plaintiff, Edward H. Peterson, was operating the other car involved in said collision and that he and his son, Lloyd Peterson, sustained severe personal injuries.

4. That Leila D. Peterson, Alvina T. Peterson and Elizabeth M. Ketterhagen, the other passengers in the Peterson car at the time of the accident, were killed.

5. That said defendant–debtor, Joseph L. Naser, did not stop for the arterial stop sign at the intersection above referred to.

6. That on or about the 17th day of February 1977, the defendant–debtor, Joseph L. Naser, pled guilty to three counts of homicide by intoxicated user of vehicle or firearm in violation of Wis.Stat. § 940.09.

7. That the defendant–debtor, Joseph L. Naser, was thereafter sentenced upon said conviction.

8. That a default judgment was entered against Joseph L. Naser on the 18th day of April 1979, in the sum of $35,806.35.

9. That in addition to the testimony of the defendant–debtor, Joseph L. Naser, at the trial, there was also introduced by stipulation the transcript of the civil and criminal proceedings in the Circuit Court of Chippewa County, Wisconsin.

10. That defendant contends that at the time of the accident and shortly thereafter his left front tire had blown out when he crossed the railroad tracks just before he approached the stop sign on County Trunk Highway "X", and that he thought he could have controlled the car if the tire had not blown.

11. That the report of blood alcohol analysis showed that the blood ethanol by weight was .153.

12. That plaintiffs contend that the judgment results from an injury that was "willful and malicious" and therefore nondischargeable under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code.

13. That § 523(a)(6) excepts from discharge, in language similar to § 17a(8) of the former Bankruptcy Act, any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

14. That § 523 of the Bankruptcy Code at page 239 under Legislative History, states:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled.

15. That at present, the stand on "willful and malicious injury" cannot be easily ascertained, and it appears from the authorities referred to in the briefs of counsel that the Court must take into consideration the facts as presented in each case as well as an analysis of the meaning of the phrase "willful and malicious."

16. That it appears to the Court that the ruling case at the present time is *In Re Bryson*, 3 B.R. 593 (Bkrtcy.1980). In said case Judge Thomas James of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, carefully considered the various cases decided to date relative to determining the definition and applying it to the conduct of the defendant–debtor.

17. That the *Bryson* case is practically the same as the case at bar in that Bryson went through a stop sign, had been drinking, had failed to take medication for known ailments and as the Court found, had shown reckless disregard.

18. That counsel for the plaintiffs herein contends that the *Bryson* case is not applicable and is different from the case a bar in three respects, namely, conclusive proof of intoxication, pleading guilty to a traffic forfeiture rather than a criminal charge, and a lack of mitigating circumstances relative to the failure of having taken medication.

19. That counsel for the defendant–debtor contends that the *Bryson* case is applicable and properly determines the question.

20. That there is no evidence in the record herein that defendant–debtor intended to injure anyone. His conduct cannot be described as "willful and malicious" under § 523(a)(6) in that said section requires deliberate or intentional conduct.

21. That the judgment herein involved is dischargeable under the law.

## CONCLUSIONS OF LAW

That an order be entered determining the judgment described in plaintiffs' complaint to be dischargeable, and that the plaintiffs' complaint be dismissed upon the merits without costs to either party.

## ORDER

NOW, THEREFORE, IT IS ORDERED: That the judgment described in plaintiffs' complaint be and the same is hereby determined to be dischargeable herein, and that the plaintiffs' complaint be and the same is hereby dismissed upon the merits without costs to either party.