In re Robert J. ANKOWIAK, Jr., and Betty S. Ankowiak, Debtors.

Elizabeth E. HARTWIG, Ind., and as Administrator of The Estate of Donald C. Hartwig, Deceased and Kirsten A. Hartwig, a Minor by Elizabeth E. Hartwig, her next best friend, Plaintiffs,

v.

Robert J. ANKOWIAK, Defendant.

Bankruptcy No. 80 B 3037.
Adv. No. 80 A 629.

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 4, 1981.

Thomas J. Walsh, Chicago, Ill., for plaintiffs.

John F. Early, Elgin, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter arose out of an automobile collision which occurred on the evening of December 28, 1978. Debtor's car smashed into the driver's side of a car driven by Donald Hartwig, killing Mr. Hartwig almost instantly. Mr. Hartwig's widow, Elizabeth Hartwig, filed the instant complaint objecting to the dischargeability of a debt. The court being fully advised in the premises makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On December 28, 1978 debtor was driving westbound on Bode Road when he crashed into Mr. Hartwig's car, which had been moving in a southerly direction. Mr. Hartwig was .fatally injured. Sometime later the debtor was found guilty of both speeding and failing to stop at a stop sign. Thereafter, plaintiff filed a civil wrongful death action against debtor. A default judgment was entered against the debtor and evidence was presented at the final default hearing. The state court found that malice was the gist of the action and plaintiff was awarded a $700,000 judgment

which included punitive damages. At the hearing on the instant complaint, debtor testified that he was unfamiliar with Bode Road, that he was preoccupied about his unemployed status as he drove and that the next thing he knew he was in an accident. There was no evidence that the debtor was intoxicated. The debtor did not know Mr. Hartwig on December 28, 1978.

## ISSUE

Is the $700,000 state court judgment a non-dischargeable debt within the meaning of 11 U.S.C. § 523(a)(6)?

## CONCLUSIONS OF LAW

Plaintiff contends the debt is non-dischargeable because 11 U.S.C. § 523(a)(6) states that an individual debtor is not discharged from any debt:

> for willful and malicious injury by the debtor to another entity or to the property of another entity.

The court concludes that the debtor's conduct was malicious since the state court specifically found that malice was the gist of the action. Before the debt is found non-dischargeable, however, this court must find that the debtor's actions were "willfull" as that term is defined in the Bankruptcy Code.

The legislative history to § 523(a)(6) states that:

> Under this paragraph, *"willful" means deliberate or intentional*. To the extent that *Tinker v. Colwell*, 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

House Report No. 95–595, 95th Cong., 1st Sess. (1979), 363, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320, emphasis added. For the instant debt to be non-dischargea-ble, this court must find that debtor's actions were deliberate or intentional. Debtor was speeding and he ran a stop sign. His conduct evidenced "reckless disregard" for the safety of others, but the evidence fails to show that he intended to injure anyone or that he deliberately crashed his car into Mr. Hartwig's.[1] This court's sympathy for plaintiff's situation cannot permit this court to ignore the clear and unambiguous terms of § 523(a)(6) and the corresponding legislative history.

WHEREFORE, IT IS HEREBY ORDERED that the relief requested in the complaint is denied and that any debt owed by debtor to plaintiff is a dischargeable debt.

---

1. See *In re Bryson*, 6 B.C.D. 199, 3 B.R. 593 (Bkrtcy.N.D.Ill.1980) where Judge James analyzed cases under the Bankruptcy Act of 1898; examined the legislative history of 11 U.S.C. § 523(a)(6); and then held that although debtor's conduct evidenced "reckless disregard," there was no evidence that debtor intended to injure anyone, even though the debtor was under the influence of alcohol. *See* also, *In re Naser*, 7 B.R. 116, C.C.H. ¶ 67,725, p. 78,312 (Bkrtcy.W.D.Wisc.1980); In *Naser, id.* the court held that a judgment debt arising out of an automobile collision was dischargeable even though the debtor-defendant ran a stop sign and pled guilty to the charge of homicide by an intoxicated user of a vehicle.