In re Ulyssess S. Grant GANDY.

**William Ralph WADLINGTON, Sr., Natural Father and next Friend of Elizabeth Lee Wadlington, Deceased, Plaintiff,**

v.

**Ulyssess S. Grant GANDY, Defendant.**

**Bankruptcy No. S83-10436.**
**Adv. No. 84-1006.**

United States Bankruptcy Court,
N.D. Mississippi.

April 26, 1984.

Richard Wise, Starkville, Miss., for William Ralph Wadlington.

Jackson Brown, Starkville, Miss., for Ulyssess S. Grant Gandy.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

CAME ON to be heard and was heard the complaint to deny dischargeability of a debt filed by the Plaintiff, William Ralph Wadlington, Sr., natural father and next friend of Elizabeth Lee Wadlington, deceased; answer filed by the Defendant, Ulyssess S. Grant Gandy; all parties being represented before the Court by their respective attorneys of record; on proof before the Court; and the Court having heard and considered same, finds as follows, to-wit:

### I.

The Plaintiff has filed his complaint in this case to deny the dischargeability of a debt pursuant to Title 11 United States Code § 523(a)(6), which states, in essence, that an individual debtor is not discharged from any debt caused by the willful and malicious injury by the Debtor to another.

### II.

The basic facts of this case which are relatively undisputed are as follows: On June 26, 1975, the Defendant was involved in an automobile accident in which three persons were killed, one of the deceased was Elizabeth Lee Wadlington, the daughter of the Plaintiff. As a result of this accident, the Defendant was indicted by the Grand Jury of Oktibbeha County, Mississippi, on July 20, 1976, under the charge that he did "unlawfully and feloniously kill and slay one Elizabeth Lee Wadlington, a human being, by culpable negligence, and without the authority of law, by the negligent operation of an automobile, against the peace and dignity of the State of Mississippi". The Defendant was also indicted for the other two deaths, the substance of all three charges being the commission of the crime of manslaughter while operating a motor vehicle under the influence of alcohol. The Defendant was initially tried and convicted in the Circuit Court of Oktibbeha County as a result of the death of Daniel C. Palmer during the January, 1977, term of that court. The Plaintiff herein has tendered as Exhibit "G" the transcript of that trial for introduction into the evidence of this proceeding. The Mississippi Supreme Court apparently reversed this conviction and remanded the case for re-trial to the Oktibbeha County Circuit Court, and again the Defendant was convicted as a result of the death of Daniel C. Palmer during the April, 1978, term of court. The Plaintiff herein has tendered as Exhibit "H" the transcript of the second trial and conviction for introduction into the evidence of this proceeding. The Defendant timely objected to the introduction of both transcripts. After being convicted following the second trial of the Palmer death, on February 5, 1980, the Defendant pled guilty as a result of the aforementioned indictment charging him in the death of Elizabeth Lee Wadlington. The Defendant was sentenced to serve a term of ten years with the Mississippi Department of Correction and copies of the indictment, the plea and order of sentence, and commitment were tendered and received in the evidence in this proceeding respectively as Exhibits "A", "B", and "C".

A civil suit was instituted by the Plaintiff herein against the Defendant in the Circuit Court of Oktibbeha County, under Cause No. 13,221, charging the Defendant with the wrongful death of Elizabeth Lee Wadlington. A judgment on writ of inquiry was entered against the Defendant in the total sum of $253,657.25, filed October 26, 1979, with the damages being designated as follows: $250,000.00 to the deceased's survivors for the loss of society and companionship, pain and suffering of the de-

ceased, and the net cash value of the life of the deceased; and $3,657.25 to William Ralph Wadlington, Sr., as the representative of the deceased for expenses incurred for medical bills and funeral expenses. The Circuit Court declaration, judgment on writ of inquiry, and abstract of judgment were tendered and received as evidence in this proceeding respectively as Exhibit "D", Exhibit "E", and Exhibit "F". The Defendant thereafter filed this bankruptcy case seeking the dischargeability of the judgment indebtedness to the Plaintiff herein.

### III.

Without question, the Bankruptcy Court has the exclusive jurisdiction to hear and determine the issue of debt dischargeability. In performing this function, the Bankruptcy Court is not only obligated but mandated to make inquiry and review the underlying circumstances of the Defendant's liability. For this to be accomplished properly, the Bankruptcy Court must have before it competent evidence admitted pursuant to the Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Insofar as prevailing on the issue of non-dischargeability under § 523(a)(6), the Plaintiff is faced with the burden of proving that the injuries and resulting liability were caused by the *willful and malicious* acts of the Defendant. See *In Re: Bryson*, 3 B.R. 593 (N.D.Ill.—1980), wherein the Defendant/Debtor who had been driving while intoxicated, was involved in a head-on collision with the Plaintiffs. Alleging willful and malicious injury, the Plaintiffs sought to have the debt based on the injuries from the accident declared non-dischargeable. The Bankruptcy Court discharged the debt, holding that although the Defendant had shown reckless disregard for the safety of others, his conduct was not "deliberate or intentional" and under the provisions of § 523(a)(6) could not be considered "willful and malicious". The *Bryson* opinion, which tracks the history of non-dischargeability of debts caused by willful and intentional injuries from the

Bankruptcy Act of 1898 through the Bankruptcy Reform Act of 1978, is followed by a case styled *Matter of Naser*, 7 B.R. 116 (W.D.Wis.—1980), which also stated that the injuries must be deliberate or intentional, as opposed to the looser standard of "reckless disregard". The *Naser* case also involved wrongful deaths in addition to personal injury claims resulting from the operation of a motor vehicle by the Debtor/Defendant while under the influence of alcohol. In his Memorandum of Authorities, the Plaintiff herein has provided a definition of "culpable negligence", which is set forth in the Defendant's indictment, as same applies to the manslaughter statute in a quotation from *Smith v. State*, 197 Miss. 802, 20 So.2d 701 (1945), as follows:

"In other words, culpable negligence should be defined as the conscious and wanton or *reckless disregard* of the probabilities of fatal consequences to others as a result of the willful creation of an unreasonable risk thereof." (Emphasis added)

*Smith v. State*, 20 So.2d at 705.

### IV.

██ The above and foregoing information concerning the standard of establishing non-dischargeability under § 523(a)(6) is offered basically for informational purposes. However, in this case, before a consideration can be given as to all of the relevant underlying circumstances concerning the Defendant's liability, the threshold question of deciding whether or not the two transcripts taken in the Circuit Court of Oktibbeha County, Mississippi, related to the convictions of the Defendant herein as a result of the death of Daniel C. Palmer, must be resolved. The Defendant timely objected to the introduction of these transcripts, and although several reasons were offered to support the objections, the most critical was the lack of explanation of the unavailability of the witnesses. Candidly, the Plaintiff acknowledged that most of these witnesses were available, including the Defendant who was present in the court room at the trial of this proceeding and whose testimony could have been elicit-

ed in this civil proceeding, especially in light of the fact that all criminal prosecutions have been concluded. The Plaintiff indicated that it would be an expensive process to have these witnesses subpoenaed to personally appear at the trial, but this Court notes that most, if not all the witnesses reside in Oktibbeha County, which is less than a distance of fifty miles from the trial site. In addition, certainly not all of the witnesses would be necessary to prove the non-dischargeability requirements of § 523(a)(6). One of the exhibits (Exhibit "G") relates to the conviction of the Defendant, which was reversed by the Mississippi Supreme Court. For this reason, and others stated hereinbelow, the objection to the admissibility of this transcript is sustained. That as to the second transcript (Exhibit "H"), the argument is made by the Plaintiff that the requirement of trustworthiness is met; however, this is not the test.

Rule 804(a), Federal Rules of Evidence, is quoted as follows, to-wit:

"(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant-

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) testifies to a lack of memory of the subject matter of his statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physicial or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.

A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement of wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying."

Rule 804(b)(1) and Rule 804(b)(5), Federal Rules of Evidence, are quoted as follows, to-wit:

"(b) Hearsay exceptions. The following are not excluded by the hearsay rule *if the declarant is unavailable as a witness:* (Emphasis added)

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees or trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

Under the hearsay exceptions of both Rule 804(b)(1) and 804(b)(5), the unavailability of the declarant as a witness, as defined in Rule 804(a), is mandatory. This premise is affirmed in *In Re: IBM Peripheral EDP*

60

*Devices, etc.*, 444 F.Supp. 110 (D.C.—N.D. Cal.—1978), where the Court held that both the hearsay exception for former testimony and the provision encompassing "other exceptions" require a showing that the declarants are unavailable. The opinion also indicated that the provision, which was intended to allow courts a certain amount of discretion in admitting hearsay where there are equivalent circumstantial guarantees of trustworthiness was not intended by Congress to be used to circumvent Congress' own restriction of another exception. Consequently, there being no satisfactory explanation of the unavailability of the various witnesses who testified in the Circuit Court of Oktibbeha County, Mississippi, this Court is compelled to sustain the Defendant's objection to Plaintiff's Exhibit "H", as well as, in addition to the reason stated hereinabove, to sustain the Defendant's objection to Plaintiff's Exhibit "G".

### V.

There being no evidence before this Court to make a logical determination of whether the Defendant's actions were "willful and malicious" the Plaintiff's complaint should be dismissed and the Defendant's judgment indebtedness to the Plaintiff will be discharged in this case.