**In re Jeffrey T. SMITH, Debtor.**

**ALLSTATE INSURANCE COMPANY, Plaintiff,**

**v.**

**Jeffrey Theodore SMITH, Defendant.**

**Bankruptcy No. 87–0557–R.**
**Adv. No. 87–01391–R.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Feb. 26, 1988.

Albert Markowski, Sterling Heights, Mich., for plaintiff.

Stephen Thomas, Port Huron, Mich., for defendant.

## MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on cross-motions for summary judgment concerning the dischargeability of a debt under 11 U.S.C. § 523(a)(9). There is no genuine issue of material fact and the legal issue framed by the motions concerns the proper interpretation of that section.

The Court concludes that it is not appropriate to enter a summary judgment regarding the dischargeability of the debt in favor of either party at this time. Accordingly, both motions are denied. However, the Court concludes that the plaintiff's claim should be pursued in state court; accordingly, the Court will dismiss this adversary proceeding complaint and lift the automatic stay.

### I. *The Facts*

The claim of the plaintiff, Allstate Insurance Company, arises from an automobile accident that occurred on April 13, 1984. The parties have stipulated that the debtor, Jeffrey T. Smith, was driving while legally intoxicated and struck a vehicle driven by Bruce Richards. At the time of the accident, Richards had an insurance policy with Allstate for protection against personal injury, property, and collision damage. Pursuant to that insurance policy, Allstate paid Richards a total of $35,634.11.

On June 17, 1986, Allstate filed a complaint against Smith in the state court seeking reimbursement for the money that it had paid to Richards, upon a theory of subrogation.

On March 10, 1987, before Allstate's state court action was resolved, Smith filed a petition in bankruptcy. Subsequently, Allstate filed this adversary proceeding complaint under 11 U.S.C. § 523(a)(9).

### II. *The Statute*

Section 523(a)(9) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operations of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred; or ....

Pursuant to this provision, a debt is non-dischargeable if two conditions are met: (1) the debt must arise from a judgment or consent decree entered in a court of record against the debtor, (2) for liability resulting from the debtor's operation of a motor vehicle while legally intoxicated. As noted above, the parties have stipulated that at the time of the collision, Smith was legally intoxicated. However, the issue arises because no judgment has yet been entered.

### III. *The Parties' Contentions*

Allstate argues that the effect of Section 523(a)(9) is to create an exception to the bankruptcy discharge when there is "no question" that the debt was incurred as a result of damages caused by a legally intoxicated driver. Allstate argues that there is no question here because the parties stipulated that Smith was driving while legally intoxicated.

Smith argues that the language of Section 523(a)(9) is clear and unambiguous, and must be followed by this Court. Thus, because no judgment or consent decree was obtained by Allstate before he filed his bankruptcy petition, Smith argues that the conditions set forth in Section 523(a)(9) have not been fulfilled and the debt is dischargeable.

### IV. *Discussion*

In *In re Ganzer (Thomas v. Ganzer)*, 54 B.R. 75 (Bankr.D.Minn.1985), the defendant similarly argued that in order for a debt to be nondischargeable, there must exist a *pre-petition* judgment or con-

sent decree. The court rejected that argument:

> A reasonable interpretation of § 523(a)(9) would allow for the judgment or consent decree to be entered post-petition on a pre-petition claim. *The requirement of a judgment is to assure that pre-petition liability is judicially determined to have been incurred by a debtor as a result of the operation of a motor vehicle while intoxicated, in order to invoke the harsh result of non-dischargeability.* [Emphasis added.]

54 B.R. at 77.

Similarly in *In re Richards (Blackmer v. Richards)*, 59 B.R. 541, 543 (Bankr.N.D.N. Y.1986), the court held:

> The court ... determines a broad construction of § 523(a)(9) is warranted to insure that debts arising out of the intoxicated use of a motor vehicle are nondischargeable in bankruptcy.... Consequently, the Court interprets § 523(a)(9) so as to effectuate clear public policy by allowing judgments or consent decrees to be entered post-petition, so long as the same are granted upon pre-petition claims. [Citations omitted.]

This Court agrees with the courts in *Ganzer* and *Richards* that Smith's interpretation of Section 523(a)(9) must be rejected. Section 523(a)(9) would be deprived of any utility if it were interpreted to require that the underlying judgment must be entered pre-petition. That is so because whereas the plaintiff has little or no control over the timing of the entry of a judgment, the debtor has full control over the timing of a bankruptcy petition. Thus, conceivably, a debtor can wait to file a bankruptcy petition until just after an adverse jury verdict on the underlying liability claim (but before the entry of the judgment); under the debtor's argument, the debt would still be dischargeable in that situation. Section 523(a)(9) cannot be intepreted to provide for such an absurd result. Rather, it must be held that the requirement of a judgment was intended to assure only that the debtor's liability is in fact fixed and liquidated when it is determined

to be nondischargeable. *In re Ganzer, supra.*

A recent case distinguished both *Ganzer* and *Richards*. In *In re Jackson (City of Akron v. Jackson)*, 77 B.R. 120 (Bankr.N. D.Ohio 1987), the City of Akron filed a complaint to determine the dischargeability of a debt arising from a collision between the debtor and a fire truck. The debtor admitted consuming alcohol at a friend's house two hours before the accident and the parties stipulated to the admission of medical records which showed the debtor's blood chemistry to be 158.0 mg/dL. The medical records contained a notation that all individuals with a listing above 100 mg/dL would be under the influence; however, the court stressed that neither party offered an explanation as to the meaning of the records. Furthermore, the court made several references to the fact that the debtor had not been charged with driving under the influence nor was it stipulated by the parties.

In distinguishing *Ganzer* and *Richards*, the court in *Jackson* emphasized that in both of those cases, civil actions had been commenced *prior* to the bankruptcy being filed. The court also noted that there was sufficient proof in those cases that the debtors were driving under the influence. In fact, the debtor in *Richards* had pleaded guilty to the criminal charge and two civil actions were pending at the time the bankruptcy was filed.

After fully discussing these cases, the court stated:

> The express language of the statute requires that the debt arise "from a judgment or consent decree." If the language of the revised statute is to be given any deference at all, it would seem that as a preliminary consideration of the invocation of nondischargeability pursuant to § 523(a)(9), *the civil action must have at least been commenced in state court.* [Emphasis added.]

77 B.R. at 123.

To the extent that *Jackson* holds that under § 523(a)(9) it is not necessary to obtain a judgment before the petition is filed, this Court agrees. However, to the extent

that *Jackson* holds that at a minimum, a state court action must have been commenced pre-petition, this Court need not either agree or disagree because in the present case such a suit was in fact commenced.

Accordingly, the Court concludes that *Jackson* does not support Smith's position in this case.

### V. *Disposition*

 Section 523(c) of the Bankruptcy Code requires that a creditor who is owed a debt that may be excepted from discharge under Section 523(a)(2), (4) or (6) must initiate proceedings in the Bankruptcy Court. As noted however, Allstate seeks a determination that its debt is excepted from the discharge under Section 523(a)(9); therefore, the jurisdiction of the Bankruptcy Court over Allstate's claim is not exclusive. Because there is concurrent jurisdiction in the state court, that court can properly resolve Allstate's claim under Section 523(a)(9), as well as its underlying liability claim. If the state court enters a judgment against the debtor on a liability that arises from his operation of a motor vehicle while legally intoxicated, the judgment should further provide that the debt is nondischargeable under 11 U.S.C. § 523(a)(9). On the other hand, if the state court enters a judgment that the debtor's liability does not arise from his operation of a motor vehicle while legally intoxicated, then the judgment should further provide that the debt is discharged as a result of the debtor's bankruptcy. Of course, if for any reason the state court enters a judgment in the debtor's favor on the underlying claim, then there is no debt to be held nondischargeable.

Accordingly, the complaint[1] is dismissed without prejudice to Allstate's right to pursue its underlying liability claim and its claim under 11 U.S.C. § 523(a)(9) in the state court.

---

**1.** The Court notes that Allstate included in its complaint an alternative claim under 11 U.S.C. § 523(a)(6). In light of the resolution of Allstate's claim under Section 523(a)(9), it is unnecessary to address the claim under Section 523(a)(6). Therefore, it is likewise dismissed.