**In re Michael Payton JONES, Debtor.**

**Michael Payton JONES, Appellant,**

v.

**Linda HAGER, Appellee.**

**Bankruptcy No. 87–0141–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

Oct. 15, 1987.

Jack Grate, White, Allinder & Grate, Independence, Mo., for Michael Jones.

Ramsay, Ford & Hiles, Jeffrey P. Hiles, Kansas City, Mo., for Linda Hager.

ORDER AFFIRMING AND MODIFYING DECISION OF BANKRUPTCY COURT

BARTLETT, District Judge.

Appellant-debtor Michael Payton Jones appeals from the United States Bankruptcy Court's August 20, 1986, order holding that appellee's claim against him is a non-dischargeable debt under 11 U.S.C. § 523(a)(9). This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

Bankruptcy Rule 8013 provides that on appeal the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of the witnesses." The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.

2d 518 (1985). The district court must independently determine questions of law or mixed questions of law or fact. *In re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In re Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

### Factual Background

About 1:00 a.m. on August 11, 1983, while Michael Jones was driving Linda Hager's car, the car swerved off the highway into a rock embankment. Although Jones received only minor injuries, Hager was seriously injured. On June 21, 1985, Hager filed suit against Jones in Jackson County Circuit Court seeking compensation for her injuries. Hager alleged in her petition that at the time of the accident, Jones was driving under the influence of alcohol.

On November 15, 1985, Jones filed a voluntary Chapter 7 petition in bankruptcy listing Hager as an unsecured creditor having a contingent, unliquidated and disputed claim against Jones. On March 25, 1986, the bankruptcy court ordered the delay of entry of discharge for Jones until determination of the Circuit Court suit. (The case in Jackson County Circuit Court was still pending on the date of appeal.)

On August 20, 1986, after a hearing on the issue of dischargeability only, the bankruptcy court ordered that Jones' liability to Hager on account of any damages caused by the August 11, 1983, accident was nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(9) in that Jones was legally intoxicated at the time he caused injury to Hager.

### Issues on Appeal

The issues on appeal are 1) whether the bankruptcy court erred in ordering Jones' liability to Hager on account of any damages caused by the automobile accident to be nondischargeable pursuant to 11 U.S.C. § 523(a)(9) where neither a judgment nor consent decree had been entered in a court of record against plaintiff at the time his bankruptcy petition was filed; and 2) whether there exists in the record a reasonable basis for the bankruptcy court's finding that Jones was "legally intoxicated" at the time of the accident and that the accident resulted from Jones' operation of a motor vehicle while "legally intoxicated."

### The Bankruptcy Court's August 20, 1986, Order Finding That Jones' Liability to Hager Was Nondischargeable Was Proper

Section 523(a)(9), which was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

Jones argues and Hager does not dispute that Jones' alleged liability to Hager had not been reduced to judgment at the time Jones filed his petition in bankruptcy. Jones asserts that the contingent, unliquidated and disputed claim is not a "debt [arising] from a *judgment or a consent decree* ..." and "therefore the Bankruptcy Court erred in holding the potential debt nondischargeable under 11 U.S.C. § 523(a)(9)."

Before § 523(a)(9) was enacted, persons with claims against debtors arising out of drunk driving damages could only protect their claims from dischargeability if their claims fit within the § 523(a)(6) exception to dischargeability: "(a) A discharge under Section 727 ... does not discharge an individual debtor from any debt—(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

This exception often did not protect the victim of drunken driving accidents be-

cause some state statutes classified "drunk driving" as "negligent activity"—not as "willful and malicious" required to trigger § 523(a)(6). *See In re Compos,* 768 F.2d 1155, 1159 (10th Cir.1985). In response to this problem, and in an effort to restrict the availability of discharge from drunk driving damage claims, Congress enacted § 523(a)(9). However, as stated in *In re Richards,* 59 B.R. 541 (Bankr.N.D.N.Y. 1986),

> in its zeal to protect those injured by the irresponsible actions of drunk drivers, Congress failed to express its intent with precise draftsmanship. A perplexing problem remains in that § 523(a)(9), as worded, apparently requires the reduction of a claim against an intoxicated driver to judgment or consent decree prior to the latter's bankruptcy. This construction emasculates the expressed concern of Congress, for "... as worded, the legislation gives quick-thinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a state court judgment, the intoxicated debtor can still prevail." *In re Thomas,* 51 B.R. 187, 188–89 (Bankr.E.D.Va.1985). Surely, only when the debtor is "dilatory," or "in cases of legal malpractice, will prepetition judgments ever been [sic] entered." *In re Ganzer,* 54 B.R. 75, 13 B.C.D. 778, 779 (Bankr.D.Minn.1985); *Thomas,* 51 B.R. at 189. The Court does not believe this ludicrous result was Congressionally intended, and thus determines a broad construction of § 523(a)(9) is warranted to insure that debts arising out of the intoxicated use of a motor vehicle are nondischargeable in bankruptcy. *Accord, Dougherty v. Brackett,* 51 B.R. 987, 988 (Bankr.D.Colo.1985). Consequently, the Court interprets § 523(a)(9) so as to effectuate clear public policy by allowing judgments or consent decrees to be entered post-petition,

so long as the same are grounded upon pre-petition claims.

*In re Richards,* 59 B.R. at 543.

■ Every court that has addressed the issue of dischargeability in the absence of a judgment or consent decree has reached the same result as *Richards. See, e.g., In re Anderson,* 74 B.R. 463 (Bankr.E.D.Wis. 1987) (discussing cases to date on this issue). Thus, even where no pre-petition judgment or decree is obtained, liability arising from intoxicated operation of a motor vehicle is nondischargeable.

In this case, Hager filed her state claim against Jones nearly five months before Jones filed his bankruptcy petition. I agree with *Richards* and the other decisions discussing this issue. Congress' intent is clear. I will not emasculate Congress' clear intent to make discharge of judgment against drunk drivers more difficult[1] by inserting a nonexistent requirement, i.e., that the judgment required by § 523(a)(9) must have been obtained before the debtor files a bankruptcy petition.

*The Bankruptcy Court's Findings That Jones Was "Legally Intoxicated" at the Time of the Accident and That the Accident Resulted from Jones' Operation of a Motor Vehicle While "Legally Intoxicated" Were Not Clearly Erroneous*

Section 523(a)(9) provides for nondischargeability where "liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories where such motor vehicle was operated and within which such liability was incurred."

At Hager's request, the bankruptcy court took judicial notice of R.S.Mo. § 577.037, the Missouri intoxication statute in effect on the date of the accident. It provides:

---

1. Rep. Rodino, Chair of the House Committee on the Judiciary stated that, "[section 523(a)(9) ] clarifies present law relating to the nondischargeability of debts incurred by drunk drivers. Debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under this provision." 130 Cong.Rec. H7489, *reprinted in* 1984 U.S.Code Cong. & Ad.News 576, 577.

1. Upon the trial of any person for violation of any of the provisions of section 577.005, 577.008. 577.010, or 577.012, or upon the trial of any criminal action or violations of county or municipal ordinances arising out of acts alleged to have been committed by any person while driving a motor vehicle while in an intoxicated condition, the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of the person's blood, breath, saliva or urine is admissible in evidence. Such evidence shall be given the following effect:

(1) If there was five-hundredths of one percent or less by weight of alcohol in his blood, it shall be presumed that the person was not intoxicated at the time the specimen was obtained;

(2) If there was in excess of five-hundredths of one percent but less than ten-hundredths of one percent by weight of alcohol in his blood, the fact shall not give rise to any presumption that the person was or was not intoxicated, but the fact may be considered with other competent evidence in determining whether the person was intoxicated;

(3) If there was ten-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken.

Jones testified at the hearing on dischargeability that before the accident he drank between four and six short glasses of draw beer between 9:30 and 10:00 p.m. and 12:30 or 1:00 a.m. Tr. 6, 11. Shortly after leaving the lounge where he had been drinking, the automobile Jones was driving veered suddenly to the right, across another traffic lane and into a rock embankment.

On the night of the accident Trooper Randal Rice saw the car swerve and hit the embankment. Tr. 13, 14. Rice reported the accident, helped administer first aid and gave Jones a field sobriety test. Tr. 15, 16. Trooper Rice testified that he had been a road trooper for the Missouri Highway Patrol for over six years; that he had extensive classroom training at the police academy on the field sobriety test; and that he had been arresting intoxicated drivers for about 13 years. Tr. 12, 18. Rice testified that Jones' balance was "fair," that Jones swayed and was not steady when he turned but that Jones was not off balance or falling down. Tr. 15. Rice stated that the odor of alcohol was "moderate," Jones' pupils were "dilated," and his speech was "fair." Tr. 15, 16, 24. Jones admitted to Rice that he had been drinking beer, but he did not know how many beers he had consumed. Tr. 17. Rice arrested Jones for driving while intoxicated. At the police station the breathalyzer test administered at 2:20 a.m. showed nine one hundredths (.09) by weight of alcohol in Jones' blood. Tr. 19, 20.

Rice testified that he normally would not ticket someone who tests under .10 but that he did ticket Jones because of the time span between Jones' last drink and the breathalyzer test (approximately one hour and twenty minutes) and because an accident had occurred. Tr. 26, 28. Rice further testified that based on the field sobriety test alone, even if no accident had occurred, he would have taken Jones in for a breathalyzer test. Tr. 26. Rice testified that he believed Jones was legally intoxicated at the time of the accident. Tr. 19, 20.

■ There is ample evidence in the record to support the bankruptcy court's finding that Jones was legally intoxicated. However, the bankruptcy court may have gone further than necessary in its findings of intoxication. The issue before the bankruptcy court was whether, if the state court finds that Jones is liable and was legally intoxicated, any judgment rendered will be dischargeable. The bankruptcy court need only resolve the intoxication issue to this extent, and any findings beyond this are unnecessary.

Therefore, it is hereby ORDERED that:

1) the bankruptcy court's order is modified to make clear that neither the bankruptcy court nor this court are ruling on the factual issues underlying the drunk driving liability claim; and

2) if the state court finds both that Jones was liable and that he was legally intoxicated at the time of the accident, any judgment rendered against Jones will be properly non-dischargeable under 11 U.S.C. § 523(a)(9).