**In re Gregory Earl SHEARER and Kathryn Joann Shearer, Debtors.**

**Russell SPENCER and Cynthia Spencer, Plaintiffs,**

**v.**

**Gregory Earl SHEARER, Defendant.**

**Bankruptcy No. 90–41446.**
**Adv. No. 92–4014.**

United States Bankruptcy Court,
W.D. Missouri.

April 5, 1994.

---

**154**

Robert A. Griffey, Kansas City, MO, for plaintiffs.

Joseph H. Ernst, Grandview, MO, for debtors/defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This adversary proceeding was filed to determine the dischargeability of debtor's obligation arising out of an automobile accident which occurred prior to the bankruptcy filing. Plaintiffs obtained a judgment against defendant/debtor ("debtor") subsequent to the bankruptcy filing. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(a). For the reasons set forth below, I find that the debt is non-dischargeable.

*FACTUAL AND PROCEDURAL BACKGROUND*

The judgment against debtor was obtained in the Circuit Court of Jackson County, Missouri. By prior agreement of the parties, that judgment was based upon the findings of Midwest Arbitration and Mediation, Inc. The arbitrator found that:

1. Defendant Gregory Shearer drove his vehicle negligently on July 2, 1988, and caused an accident in which plaintiff Russell Spencer was injured.

2. Defendant's negligence was the proximate and sole cause of plaintiff's injury.

3. Plaintiff's personal injuries were caused by defendant's unlawful operation of a motor vehicle because defendant was intoxicated from using alcohol to the extent that defendant's driving ability was impaired.

4. Defendant exhibited a complete indifference to the rights and safety of others and a reckless disregard of the consequences.

Subsequent to the accident debtor filed a Chapter 7 bankruptcy petition on June 8, 1990. The trustee filed a report of no distribution on October 15, 1990, and this Court entered a discharge on November 28, 1990, at which time the case was closed. Plaintiffs were not listed as creditors of this estate on debtor's original bankruptcy schedules. Plaintiffs further claim they had no knowledge of the bankruptcy when they filed a Complaint against debtor, Gregory Shearer, in the Circuit Court of Jackson County, Missouri (Case No. CV91–7236) prior to April of 1991. In response to the Circuit Court Petition, debtor filed an Answer on April 9, 1991, which raised his discharge in bankruptcy as a defense. Debtor then filed an amendment to bankruptcy schedule A–3 on April 11, 1991, listing plaintiff, Russell Spencer, and three other creditors with undetermined claims.

On January 13, 1992, plaintiffs filed a Complaint to Determine the Dischargeability of Debt and for Entry of Judgment in this Court. Such complaint sought to have any obligation to plaintiffs found non-dischargeable under section 523(a)(9) of the Bankruptcy Code. 11 U.S.C. § 523(a)(9). On April 7, 1992, without objection by debtor, this Court

sustained plaintiffs' motion to lift the automatic stay to allow the parties to proceed with the pending Circuit Court case, with the provision that at the conclusion of that proceeding the parties could return to this Court to resolve any matters not determined there. The parties ultimately agreed to have the state court matter resolved by an arbitrator, and on October 7, 1993, the arbitrator, Solbert M. Wasserstrom, rendered his decision.

Plaintiffs returned to this Court on October 19, 1993, with a Motion for Authorization to Execute Against Assets. This Court denied such motion without prejudice pending a final judgment in the state court proceeding. The arbitrator's decision was reduced to a judgment in the Circuit Court of Jackson County, Missouri on January 5, 1994.

Plaintiffs moved for summary judgment on February 16, 1994, claiming the damages awarded to Mr. Spencer, pursuant to the arbitrator's findings and the state court judgment, are a nondischargeable debt pursuant to sections 523(a)(6) and 523(a)(9) of the Bankruptcy Code (the "Code"). As indicated, the Complaint in this Court had sought only a judgment of nondischargeability as to section 523(a)(9). Plaintiffs never amended such Complaint to include the Section 523(a)(6) cause of action as well.

Debtor filed Suggestions in Opposition to Plaintiffs' Motion for Summary Judgment, and also its own Motion for Summary Judgment on the section 523(a)(6) claim. In an Order filed March 3, 1994, this Court granted debtor's Motion for Summary Judgment as to the section 523(a)(6) claim. As is more fully set out in that Order, adversary claims under section 523(a)(6) of the Code must be filed within sixty days from the date of the Section 341 First Meeting of Creditors. Fed.R.Bankr.P. 4007(b). Therefore to the extent that plaintiffs' Motion for Summary Judgment could be considered an amendment of the original complaint, it was untimely filed.

The Order of March 3, 1994, further granted in part and denied in part plaintiffs Motion for Summary Judgment as to the section 523(a)(9) claim. That order gave collateral estoppel effect as to the issues of intoxication and damages, based on the findings of the arbitrator.

Therefore, the only remaining issues to be determined by this court revolve around the fact that judgment was obtained subsequent to the filing of the bankruptcy. The first issue is whether 11 U.S.C. § 523(a)(9) as amended on November 15, 1990, should be given retroactive effect and applied to this case. The second issue is, if retroactive effect is not to be given, whether this obligation is dischargeable under the version of 11 U.S.C. § 523(a)(9) in effect at the time of filing this petition.

*RETROACTIVITY*

The retroactive application of statutes has given even the United States Supreme Court difficulty. It is not entirely clear when we must apply a new law. The Court has stated that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Bd.*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). The Court has also stated, however, that "[r]etroactivity is not favored in the law.... [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). Indeed, the Court itself has noted what it calls the "apparent tension" between these two rules. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). However, in *Kaiser* the Court found it unnecessary to "reconcile the two lines of precedent", *Kaiser*, 494 U.S. at 837, 110 S.Ct. at 1577, and held that "under either view, where the congressional intent is clear, it governs." *Id.* The Eighth Circuit, when faced with retroactivity, stated "[w]e must look first, then, to 'the language of the statute itself' to determine whether Congress intended ..." the statute to be retroactive. *National Wildlife Federation v. Agricultural Stabilization and Conservation Service*, 941

F.2d 667 (8th Cir.1991), citing *Kaiser,* 494 U.S. at 835, 110 S.Ct. at 1575.

In this case the statute is clear that retroactive effect was *not* to be given to 11 U.S.C. § 523(a)(9). Congress amended section 523(a)(9) of the Code in the Criminal Victims Protection Act of 1990. Pub.L. 101–581, § 4, 104 Stat. 2865, (1990). Section 4 of the amendment reads:

(a) EFFECTIVE DATE.—This Act and the amendments made by this Act shall take effect on the date of enactment of this Act.

(b) APPLICATION OF AMENDMENTS.—The amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act.

*Id.* Congressional intent could not be clearer that this amendment was never intended to have retroactive effect. The amendment was enacted on November 15, 1990. Debtor filed his petition on June 8, 1990, thereby commencing his case prior to the enactment and effective date of the amendment.[1] Therefore, the current version of section 523(a)(9) does not apply to this proceeding.

### APPLICATION OF SECTION 523(A)(9)

The final remaining issue is whether section 523(a)(9) of the Code, as in effect at the time of the commencement of this case, precludes discharge of this obligation. Section 523(a)(9) was added to the Code as a part of The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353. This section precluded discharge of an individual debtor from any debt:

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated ...

Thus, a judgment is a necessary prerequisite for this exception to discharge to apply. The issue is whether this judgment must be obtained prior to the time the debtor files for bankruptcy. Prior to the enactment of the current statute (which does away with any judgment requirement) this issue was in dispute. *See, e.g.* Kalevitch, Lawrence, *Cheers? The Drunk-driving Exception to Discharge,* 63 Am.Bankr.L.J. 213, (1989). The majority of the cases found that it was not necessary to obtain a judgment prior to the filing of the petition, so long as one was eventually obtained. *See, e.g. In re Hudson,* 859 F.2d 1418 (9th Cir.1988), *In re Tuzzolino,* 70 B.R. 373 (Bankr.N.D.N.Y.1987), *In re Gonzales,* 52 B.R. 711 (Bankr.E.D.Wis.1985).

The Court in *In re Richards* held that to require a judgment to be obtained pre-petition was "ludicrous" and interpreted section 523(a)(9) "to effectuate clear public policy by allowing judgments or consent decrees to be entered post-petition, so long as the same are grounded upon pre-petition claims." *Richards,* 59 B.R. 541, 543 (Bankr.N.D.N.Y.1986). The District Court for the Western District of Missouri agreed with every court that had addressed the issue of dischargeability in the absence of a judgment or consent decree when it held that "liability arising from the intoxicated operation of a motor vehicle is non-dischargeable." *In re Jones,* 80 B.R. 974, 976 (W.D.Mo.1987). The *Jones* court went on to say it would not "emasculate Congress' clear intent to make discharge of judgment against drunk drivers more difficult ... by inserting a nonexistent requirement ... that the judgment required by § 523(a)(9) must have been obtained before the debtor files a bankruptcy petition." *Id.* This is a clear and emphatic statement of the law by the District Court and is binding upon this Court. Therefore, I find that the obligation arising out of the automobile accident which occurred as a result of debtor's illegal operation of a motor vehicle while intoxicated, and which debt was reduced to judgment on Jan. 5, 1994, in the Circuit Court of Jackson County, Missouri (Case No. CV91–7236), is a non-dischargeable debt pursuant to Section 523(a)(9) of the Code as in effect at

---

1. This court rejects any contention that this case was commenced at the filing of the adversary complaint. It is commonly understood that a "case" in Bankruptcy is commenced by the debtor's filing of a bankruptcy petition, and any subsequent litigation involving the debtor's bankruptcy estate, or his discharge, is simply a part of the case as a whole.

the time debtor's petition in Bankruptcy was filed.

An Order in accordance with this Memorandum Opinion will be entered this date.