**In re Charles H. CARDONA, Debtor.**

**Jean AVITTO, Plaintiff,**

**v.**

**Charles H. CARDONA, Defendant.**

**Bankruptcy No. 85–00241–BKC–TCB.**
**Adv. No. 85–0570–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

June 24, 1985.

---

Terrence Dytrych, North Palm Beach, Inc., for plaintiff.

Gary Gromet, Fort Lauderdale, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge for her personal injury, drunk driving claim against the debtor. The debtor has answered and the matter was tried on June 4.

There are no conflicts in the evidence. At 1:45 a.m. on March 7, 1984, while plaintiff was walking to her car in a Boca Raton Holiday Inn parking lot, she was struck from behind by a car driven by the debtor. The debtor's car had just struck, in turn, a concrete curb and two other cars. The debtor admits that he was intoxicated but did not testify. His blood alcohol level was 0.14% and he has pleaded guilty to a DWI charge in County Court.

I find that the debtor was driving the car that struck the defendant, that the debtor caused her injury and that he was legally intoxicated at the time.

Plaintiff's tort action for damages was pending in State court before bankruptcy and the parties have agreed before me that the amount of her damage claim may be fixed in that action and, therefore, need not be determined in this court. I agree, and the statutory bankruptcy stay under 11 U.S.C. § 362(a) is lifted to permit that litigation to proceed.

The threshold question is whether the provisions of § 523(a)(9), which were added by the 1984 amendments to the Bankruptcy Code, Pub.L. 98–353, § 371, are applicable to this claim. With some exceptions not pertinent here, the amendments made by Title III of the 1984 Act:

"shall become effective *to cases filed* 90 days after the date of enactment of this Act." Pub.L. 98–353, § 553(a). Emphasis added.

The effective date was October 8, 1984. This bankruptcy case was filed on February 1, 1985, after § 523(a)(9) became effective.

At trial, the parties agreed that the amendment is not applicable on the ground that the injury had been sustained seven months before the effective date of the amendatory Act. I disagree.

 Section 523(a)(9) is unambiguously applicable as a restriction on discharges granted in bankruptcy cases filed after October 8, 1984. The Fifth Amendment only requires a more restrictive application if the amendment would "eliminate *property* rights which existed before the law was enacted." *United States v. Security Industrial Bank,* 459 U.S. 70, 81, 103 S.Ct. 407, 414, 74 L.Ed.2d 235 (1982). The debtor's entitlement to a bankruptcy discharge is not a property right, but a statutory privilege created by and subject to modification by Congress at any time.

Section 523(a)(9) requires exception of any debt:

> "to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred."

Plaintiff's claim falls within those provisions.

■ Alternatively, plaintiff argues that her claim is excepted from discharge under § 523(a)(6), as a debt for:

> "willful and malicious injury by the debtor to another entity."

I agree. I find the injury sustained by the plaintiff to have been caused willfully and maliciously by the debtor *Caldarelli v. Callaway (In re Callaway),* 41 B.R. 341 (Bankr.E.D.Pa.1984); *Prosch v. Wooten (Matter of Wooten),* 30 B.R. 357 (Bankr.N.D.Ala.1983).

As is required by B.R. 9021(a), a separate judgment will be entered declaring that plaintiff's personal injury claim sustained March 7, 1984 is excepted from discharge under 11 U.S.C. § 523(a)(9) and (6). At the joint suggestion of the parties, the bankruptcy stay is lifted under § 362(d) to permit the parties to fix the amount of those damages by judgment in any appropriate forum. Costs may be taxed on motion.