**In re Regina R. MOORE, Debtor.**

**Norbert C. BIPPUS and Mallie Bippus, Plaintiffs,**

v.

**Regina R. MOORE, Defendant.**

**Related Case No. 1–83–0053. Adv. No. 1–85–0172.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 29, 1985.

James E. Michael, Hamilton, Ohio, for plaintiffs.

Henry A. Masana, Hamilton, Ohio, for defendant.

## DECISION AND ORDER ON DEFEND-
## ANT'S MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

Plaintiffs brought this adversary proceeding seeking a judgment against de-fendant for personal injury and property damage, an award of damages in the total amount of $150,000 and a determination that this award is nondischargeable. Plaintiffs' complaint alleges that plaintiffs' car was struck from behind by the defendant's car and, as a result, plaintiff Norbert Bippus suffered injuries necessitating medical expenses of $2,195.00, had his earning capacity permanently impaired, and suffered property damage in the amount of $2,727.00. It is alleged that Mallie Bippus suffered loss of consortium. Plaintiffs further allege in their complaint that defendant was legally intoxicated at the time of the accident.

Defendant has filed a Motion to Dismiss stating that the bankruptcy court lacks subject matter jurisdiction, that the complaint fails to state a claim upon which relief can be granted, and that the complaint "fails to set forth the proper jurisdictional requirement to give the court proper venue in this matter."

Attached to the Motion to Dismiss is a copy of a complaint filed by the plaintiffs in state court which is virtually identical to that filed in this adversary proceeding, except it does not contain the allegation that the defendant was legally intoxicated at the time of the accident, nor does it pray that the award of damage be declared non-dischargeable. Defendant has also filed an affidavit of her attorney, who also represents her in the state court action. That affidavit states that the state court judge denied plaintiffs' motion to amend the state court complaint and further that the defendant was not found guilty of any traffic charge relating to the consumption of an intoxicant in relation to the plaintiffs' complaint.

Plaintiffs filed a memorandum in opposition to defendant's motion to dismiss. They also have furnished an affidavit from their attorney, who is also their attorney in the state court action. This affidavit states that plaintiffs' motion to amend the complaint was denied because the state court

judge thought that the issue of intoxication should be litigated in the bankruptcy court. Plaintiff also attaches a copy of what appears to be an arrest report regarding the defendant.

Defendant's main argument, set forth in her memorandum, is that the plaintiffs do not have a *judgment* against the defendant which arises out of a liability that was incurred as a result of operating a motor vehicle while intoxicated. Therefore, defendant contends, plaintiffs do not set forth the necessary requirements of 11 U.S.C. § 523(a)(9). Further, defendant states that plaintiffs will not be allowed to amend their complaint in state court to include the allegation that the defendant was legally intoxicated and therefore, they will never be able to get the type of judgment required by § 523(a)(9). Defendant further states that since plaintiffs do not have a claim under that section, the bankruptcy court does not have sufficient subject matter jurisdiction or venue to hear this claim.

Plaintiffs' main argument is that the issue of intoxication will not be litigated in the state court because intoxication has no bearing on the outcome of that suit. They argue that they should not be precluded from litigating that issue here.

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court may exclude extraneous material and look only to the complaint to determine whether it states a claim. F.R.Civ.P. 12(b)(6). We elect such a course here and disregard the affidavits and other documents submitted by the parties.

When evaluating a motion to dismiss brought pursuant to Rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983).

The plaintiffs, in their complaint, allege that they suffered injuries as a result of a car accident caused by defendant while legally intoxicated. Plaintiffs do not allege that they have a judgment against the defendant. The defendant contends that since the plaintiffs do not have a judgment they have failed to state a claim under the newly enacted § 523(a)(9) which reads:

> (a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—
>
> \* \* \* \* \* \*
>
> (9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred; ...

However, plaintiffs do not state in their complaint that they are proceeding under the above code section.

This court has held that a debt arising out of liability incurred as a result of driving while intoxicated is nondischargeable under § 523(a)(6). *In re Greenwell*, No. 1–81–0111, slip op. (Bankr.S.D. Ohio Dec. 30, 1981), *aff'd* 21 B.R. 419 (D.C. S.D.Ohio 1982). There is no requirement under § 523(a)(6) that the plaintiff have a judgement before bringing a complaint to determine dischargeability. The enactment of § 523(a)(9) does not preclude a claimant from proceeding under § 523(a)(6) for relief in a drunk driving situation.

New section § 523(a)(9) was enacted in response to the split which existed in the courts on whether liabilities incurred by debtors driving while intoxicated were nondischargeable because they were willful and malicious pursuant to § 523(a)(6). In discussing newly enacted section § 523(a)(9), the court in *In re Gibbs*, 53 B.R. 503 (Bankr.S.D.Ohio 1984) had occasion to discuss drunk driving cases brought pursuant to § 523(a)(6) which denied liability. The court at p. 505 stated:

... from the statement of Senators De-Concini and Heflin, it is possible to conclude that Congress intended to overrule by statute those decisions which failed to adhere to the original intent of § 523(a)(6).

The present complaint alleges that defendant is liable for personal injury and property damages sustained by plaintiffs. Plaintiffs further allege that the damages were caused by the defendant while legally intoxicated. These facts, if proved true by the plaintiffs, would entitle the plaintiffs to have this debt declared nondischargeable. Therefore, plaintiffs' complaint does state a claim upon which relief can be granted and defendant's motion to dismiss must be denied.

SO ORDERED.