**In re Thomas J. GANZER, Debtor.**

**Wayne THOMAS, d/b/a Parkway Drug, Plaintiff,**

**v.**

**Thomas J. GANZER, Defendant.**

**In re Steven Charles MILETTO, fdba K & K Construction, and Kim Marie Miletto, fka Kim Marie Tate, Debtors.**

**COUNTY OF OTTER TAIL, Plaintiff,**

**v.**

**Steven Charles MILETTO and Kim Marie Miletto, Defendants.**

**Bankruptcy Nos. BKY 3–85–114, BKY 3–85–529.
Adv. Nos. 85–0070, 85–166.**

United States Bankruptcy Court, D. Minnesota.

Oct. 1, 1985.

Richard L. Pemberton, Fergus Falls, Minn., for County of Otter Tail.

Rolf E. Sonnesyn, Minneapolis, Minn., for Thomas Wayne.

Robert Russell, Fergus Falls, Minn., for Steven & Kim Miletto.

Richard Pearson, New Brighton, Minn., for Thomas J. Ganzer.

DENNIS D. O'BRIEN, Bankruptcy Judge.

**I.**

These cases involve the same question. That is whether the 11 U.S.C. § 523(a)(9) exception to dischargeability requires a prepetition judgment or consent decree before it can be operable. The Court is of the opinion that it does not.

In *Ganzer*, the Debtor drove his car through the Plaintiff's drug store front at 12:30 a.m., one morning after leaving a bar. By his own admission, Ganzer had been "pretty loaded" before he got to the bar, consumed three strong beers while there, and left dragging his feet somewhat because of the alcohol he had consumed. Driving out of the parking lot, Ganzer drove through the window into the store causing more than $27,000.00 damage. The Plaintiff sued Ganzer in state court, but before judgment could be taken and entered, Ganzer filed for relief under 11 U.S.C. Chapter 7.

In *Miletto*, the Debtor was the driver of a car involved in an accident causing injury to another. Miletto pled guilty to driving while under the influence of an alcoholic beverage in connection with the incident. The injured party sued in state court for damages, naming several defendants, including Miletto. While that action was pending, Miletto filed for relief under 11 U.S.C. Chapter 7. Plaintiff in this adversary proceeding is a defendant in the state court action who cross-claimed against Miletto for indemnity and/or contribution.

■ Plaintiffs in both of these cases seek judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(9). In each case, the Defendant moved for summary judgment arguing that in order for a debt to be nondischargeable under § 523(a)(9), there must exist a *prepetition* judgment or consent decree wherein liability was incurred by a debtor as a result of operation of a motor vehicle while legally intoxicated. The Court disagrees.

## II.

11 U.S.C. § 523(a)(9) was enacted without any reported legislative history as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. It reads:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred; 11 U.S.C. § 523(a)(9) (1979 and supp.1984)

Section 727(b) reads:

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title. 11 U.S.C. § 727(b) (1979 and supp.1984)

The literal language of 11 U.S.C. § 523(a)(9) arguably supports the conclusion that a prepetition judgment or consent degree is required to make the exception to discharge applicable. However, the language should not be vacuously considered. When terms of a statute are unambiguous a Court's inquiry ordinarily must come to an end. However, there are rare and exceptional circumstances where the inquiry should continue. Such a rare circumstance is where deference to the literal language of a statute would render it totally without utility or an absurdity.

Presumably, Congressional intent in enacting 11 U.S.C. § 523(a)(9) was to preclude a debtor's discharge from liability on a claim arising out of the operation of a motor vehicle while under the influence of alcohol. If a *prepetition* judgment determining liability to have been incurred by the debtor under such circumstances, be

required, the statute is practically useless. Only in cases of legal malpractice will prepetition judgments ever be entered. This Court will not presume Congress to have intended to sabotage its legislation and create such an absurdity.

■ Statutes should be interpreted reasonably so as to give them effect and utility, even if that means looking beyond what appears to be the literal language. In those rare instances where such inquiry need go beyond the literal language, deference should be given to apparent public policy otherwise expressed in the statute.

A reasonable interpretation of § 523(a)(9) would allow for the judgment or consent decree to be entered post-petition on a prepetition claim. The requirement of a judgment is to assure that prepetition liability is judicially determined to have been incurred by a debtor as a result of the operation of a motor vehicle while intoxicated, in order to invoke the harsh result of nondischargeability.

It seems that such an interpretation serves the apparent overall purpose of the statute, while the more literal reading serves no purpose other than to render the legislation wholly ineffective.

At least one other Court that has considered the statute has reached the same conclusion. *See Avitto v. Cardona (In re Cardona)*, 50 B.R. 596 (Bankr.S.D.Fla. 1985).

Accordingly, the Court denies summary judgment in both cases. In *Ganzer*, the Court will enter judgment upon evidentiary hearing to determine whether liability of the Debtor was incurred as a result of his operation of a motor vehicle while legally intoxicated. In *Miletto*, the Court will defer such determination pending liquidation of the claim in the existing state court action, and the automatic stay is hereby lifted permitting liquidation of the *Miletto* claim.

**IT IS SO ORDERED.**