In re Mark C. RICHARDS, Debtor.

Brian B. BLACKMER, Plaintiff,

v.

Mark C. RICHARDS, Defendant.

Bankruptcy No. 85–00743.
Adv. No. 85–0078.

United States Bankruptcy Court,
N.D. New York.

Feb. 5, 1986.

---

William H. Brennan, Mattydale, N.Y., for plaintiff.

Ali, Driggs, Pappas & Cox, P.C., Syracuse, N.Y., for defendant; C. Andrew Pappas, of counsel.

## MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Pursuant to Rule 7012(b) of the Rules of Bankruptcy Procedure, applying Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Debtor has moved to dismiss the complaint of Brian B. Blackmer ("Blackmer"). By stipulation of counsel, the matter is submitted upon the original complaint, Debtor's motion and supplemental memorandum of both parties. In his complaint, Blackmer sought judgment against the Debtor in the amount of $50,000.00, together with a declaration that the same is nondischargeable pursuant to § 523(a) of 11 U.S.C. ("Code").

## FACTS

On or about September 15, 1984, as a result of his intoxicated use of a motor vehicle, the Debtor demolished a parked car owned by Blackmer. The Debtor thereafter pleaded guilty in state court to a charge of driving while intoxicated. Blackmer received compensation from his insurer, State Farm Mutual Insurance Company ("State Farm") in the amount of $5,453.36; this sum constituted the full value of the automobile, less the $200.00 deductible of Blackmer's policy. Blackmer received no other compensation as a result of his loss.

On or about February 27, 1985, Blackmer commenced suit against the Debtor in Supreme Court of New York, Onondaga County, seeking punitive damages in the amount of $50,000.00. On May 23, 1985, State Farm, as the subrogee of Blackmer, commenced suit against the Debtor in the City of Syracuse, New York, seeking the sum it paid to its insured. On September 9, 1985, the Debtor filed his Chapter 7 petition with the Court.

Blackmer's initial complaint contains no reference to the subsection(s) of § 523(a) of the Code upon which he grounds his relief, although his use of the language "willful and malicious" to describe the conduct of the Debtor suggests that subsection (6) was intended. In a subsequent affidavit in opposition to the Debtor's motion to dismiss, he requested leave to amend his complaint so as to make claim for all damages not indemnified by State Farm, including the $200.00 deductible, loss of use, lost time from work, and any other consequential damages. Further, in subsequent memoranda, Blackmer asserts the present applicability of subsection (9) of § 523(a).

In support of his motion to dismiss, the Debtor argues Blackmer lacks standing to bring his complaint as he subrogated to State Farm in entirety any claim he had or may have had against the Debtor. Additionally, the Debtor urges Blackmer cannot make his present punitive damages claim absent an underlying cause of action in tort. Further, the Debtor asserts that

§ 523(a)(6) is inapplicable as he never had the "willful and malicious" intention to harm any person or thing. Finally, § 523(a)(9) is argued to be inappropriate as there has been no judgment or consent decree entered in a court of record against the Debtor.

## DISCUSSION

In relevant part, § 523 of the Code provides:

(a) A discharge under Section 727 ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within such liability was incurred.

Subsection (9) was added to § 523(a) of the Code via the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub. L.No. 98–353). The obvious Congressional intent behind this "drunk driver" exception to discharge was to remedy the problem raised by cases wherein proof of drunk driving was held not to be proof of the willful and malicious intent necessary for an objection under § 523(a)(6). *See e.g. In re Compos,* 768 F.2d 1155, 1159 (10th Cir. 1985); *In re Maney,* 23 B.R. 61, 62 (Bankr. W.D.Okla.1982); *Matter of Morgan,* 22 B.R. 38, 39 (Bankr.D.Neb.1982); *Matter of Naser,* 7 B.R. 116, 118 (Bankr.W.D.Wis. 1980); *In re Bryson,* 3 B.R. 593, 596 (N.D. Ill.E.D.1980).

■ However, in its zeal to protect those injured by the irresponsible actions of drunk drivers, Congress failed to express its intent with precise draftsmanship. A perplexing problem remains in that § 523(a)(9), as worded, apparently requires the reduction of a claim against an intoxicated driver to judgment or consent decree prior to the latter's bankruptcy. This construction emasculates the expressed concern of Congress, for "... as worded, the legislation gives quick-thinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a state court judgment, the intoxicated debtor can still prevail." *In re Thomas,* 51 B.R. 187, 188–89 (Bankr.E. D.Va.1985). Surely, only when the debtor is "dilatory", or "in cases of legal malpractice, will pre-petition judgments ever been entered." *In re Ganzer,* 54 B.R. 75, 13 B.C.D. 778, 779 (Bankr.D.Minn.1985); *Thomas,* 51 B.R. at 189. The Court does not believe this ludicrous result was Congressionally intended, and thus determines a broad construction of § 523(a)(9) is warranted to insure that debts arising out of the intoxicated use of a motor vehicle are nondischargeable in bankruptcy. *Accord, Dougherty v. Brackett,* 51 B.R. 987, 988 (Bankr.D.Colo.1985). Consequently, the Court interprets § 523(a)(9) so as to effectuate clear public policy by allowing judgments or consent decrees to be entered post-petition, so long as the same are grounded upon pre-petition claims. In so holding, the Court notes its resolution is in accord with those reached by other bankruptcy courts. *In re Cardona,* 50 B.R. 596, 13 B.C.D. 288 (Bankr.S.D.Fla.1985); *Ganzer,* 54 B.R. 75, 13 B.C.D. at 779; *Thomas,* 51 B.R. 189.

Concerning the continued influence of § 523(a)(6) on claims arising against drunken drivers, the 1984 amendments to the Code were intended to establish the presumption of the willful and malicious nature of driving while intoxicated. As stated by the Chairman of the House Committee on the Judiciary: "[Section 523(a)(9)] clarifies present law relating to the nondischargeability of debts incurred by drunk drivers. Debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under this provision." 130 Cong.Rec. H7489 (daily ed. June 29, 1984) (statement of Rep. Rodino),

*reprinted in* 1984 U.S. Code Cong. & Ad. News 576, 577. Consequently, as subsection (9) presumes to be true what is required to be proven under subsection (6), and further, as Congress' expressed intent was to fine tune subsection (6) by adding subsection (9), the applicability of subsection (6) to a complaint involving the nondischargeability of a prepetition drunken driving debt is questionable.[1]

■ Turning to the Debtor's motion to dismiss, the general rule is that factual allegations contained in the complaint must be regarded as true. Further, a claim is not to be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Overmyer,* 32 B.R. 597, 602 (Bankr.S.D.N.Y. 1983), *citing, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Blackmer's complaint is certainly lacking in substance; however, "[a] litigant ought not be denied his day in court merely on the ground that the complaint was inartfully drawn." *In re Klein,* 31 B.R. 947, 951 (Bankr.E.D.N.Y.1983). Blackmer has undoubtedly realized the insufficiency of his complaint, as he has requested leave to amend the same. While the Court's consent is not necessary under Rule 7015 of Rules of Bankruptcy Procedure and Rule 15(a) of Federal Rules of Civil Procedure, *Barksdale v. King,* 699 F.2d 744, 746–47 (5th Cir.1983), (12(b)(6) motion does not constitute a responsive pleading), the Court acknowledges that leave to amend is to be freely given when justice requires. Consequently, Debtor's motion to dismiss is denied, and Blackmer is given leave to amend his complaint. Blackmer's action in submitting an amended complaint serves to protect his rights to proceed before the court pursuant to § 523(a)(9) and, to whatever extent, § 523(a)(6).

■ Blackmer initially asked the Court to determine the extent of his claim itself, not merely to rule on the dischargeability of the Debtor's obligation to him. This action would serve only to duplicate Blackmer's current suit pending before the New York Supreme Court, Onondaga County. As indicated, the Debtor has raised allegations concerning both the validity of Blackmer's claim and his ability to bring suit; these are matters more appropriately determined in the state forum. Consequently, the Court will abstain from hearing the merits of this adversary proceeding, in respect for state law, and in the interest of comity with the state courts. 28 U.S.C. § 1334(c)(1). The automatic stay of § 362 is thus modified, permitting liquidation of Blackmer's claim in the existing state court action. The Court will defer determination of the nondischargeability of any resultant judgment or consent decree debt until such time as the state court resolves this matter. Should the state court find in favor of the Debtor, he may then ask the Court to dismiss Blackmer's amended complaint.

As a consequence of the foregoing, it is

ORDERED:

1. The motion of the Debtor, Mark C. Richards, to dismiss the complaint of Brian B. Blackmer, is denied.

2. Brian B. Blackmer is granted leave to amend his complaint within fifteen (15) days of the date of this order.

3. Debtor Mark C. Richards shall plead in response to the amended complaint not later than twenty (20) days after service of the same.

4. The automatic stay of § 362 is hereby modified to allow the suit initiated by Brian B. Blackmer against the Debtor, Mark C. Richards, in New York Supreme Court, Onondaga County, to proceed.

5. The within adversary proceeding is adjourned indefinitely to abide the outcome of the state court proceeding.

---

**1.** *But see, In re Moore,* 53 B.R. 259, 261 (Bankr. S.D.Ohio W.D.1985); *In re Cordona,* 50 B.R. 596, 13 B.C.D. at 289. (§ 523(a)(6) has continued applicability to driving while intoxicated claims).