In re Jon Louis ANDERSON, Debtor.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Plaintiff,

v.

**Jon Louis ANDERSON, Defendant.**

**Bankruptcy No. 86–04208.
Adv. No. 86–0654.**

United States Bankruptcy Court,
E.D. Wisconsin.

June 5, 1987.

Neal C. Schellinger, Brookfield, Wis., for American Family Mut. Ins. Co.

Timothy R. Hall, for Jon Louis Anderson.

## DECISION

RUSSELL A. EISENBERG, Bankruptcy Judge.

The plaintiff, American Family Mutual Insurance Company ("American Family"), asks that its claim against the debtor, Jon Louis Anderson ("Anderson"), be declared nondischargeable pursuant to § 523(a)(9) of the Bankruptcy Code.[1] Anderson moved to

---

1. 11 U.S.C. § 523. Exceptions to discharge

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a

dismiss on the ground that no judgment or consent decree was entered in a court of record prior to the commencement of this case.

American Family alleges that Anderson, while driving a motor vehicle, collided with a vehicle driven by Michael Bergmann, and while fleeing from that accident, collided with a second vehicle owned by Douglas Heder ("Heder") and driven by Jennifer Heder. Both Bergmann and Heder were insured by American Family, and, having paid them pursuant to the uninsured motorist provisions of their policies, American Family became subrogated to their claims. Bergmann and American Family sued Anderson in state court, but before judgment was entered, Anderson filed a petition in bankruptcy. It is also alleged that Anderson pled guilty to a charge of causing injury by intoxicated use of a motor vehicle.

■ American Family's initial complaint in this proceeding referred only to the damages involving the Bergmann automobile. When American Family filed an amended complaint to include a claim for the payments it made to Heder, the debtor moved to dismiss on the ground that the amended complaint was not timely filed. Since the time limitations contained in § 523(c) and Bankruptcy Rule 4007(b) do not apply to an action under § 523(a)(9), that motion must be denied.

Anderson's contention that the adversary proceeding must be dismissed for lack of a prior judgment or consent decree has been considered by a number of other courts. (*In re Thomas,* 51 B.R. 187 (Bankr.E.D.Va. 1985); *Leach v. Reckley,* 63 B.R. 724 (D.S. D.Ind.1986); *In re Moore,* 53 B.R. 259 (Bankr.S.D.Ohio 1985); *In re Cardona,* 50 B.R. 596 (Bankr.S.D.Fla.1985); *Dougherty v. Brackett,* 51 B.R. 987 (Bankr.Colo.1985); and *In re Richards,* 59 B.R. 541 (Bankr.N. D.N.Y.1986)). In each of these cases, without exception, the court withheld further action in the nondischargeability proceeding and permitted the plaintiff creditor to

seek a judgment in a state court suit. This court agrees with the reasoning and result in those cases. To do otherwise would disregard the intent of Congress. Accordingly, this court will lift the automatic stay of § 362 and permit American Family to seek a judgment against the debtor in state court.

■ American Family and Anderson are directed to return to state court to proceed with the litigation pending there. To the extent necessary, this court is construing the complaint to encompass a motion to lift the automatic stay to enable American Family to pursue its case in state court. See *In re Lambert,* Case No. 85–C– 187 (D.E.D.Wis. March 20, 1985). The state court action shall proceed according to state law and practice.

■ It should be noted that the bankruptcy court does not have exclusive jurisdiction to decide the question of nondischargeability under § 523(a)(9)—the state court has concurrent jurisdiction to decide that issue. In addition to determining the extent, if any, to which the debtor is liable, the state court may also decide the question of nondischargeability under § 523(a)(9). The general rule is stated in *3 Collier on Bankruptcy,* ¶ 523.06 at 523–36 (15th Ed.1985): "As to debts excepted from discharge other than those falling within the ambit of section 523(2), (4), and (6) the bankruptcy court has original but not exclusive jurisdiction; its jurisdiction is concurrent with the appropriate local court."

Because of this, and the possibility that Anderson's plea of guilty may have collateral estoppel effect on the question of dischargeability, there may be no need for further proceedings in the bankruptcy court. In view of the foregoing, this adversary proceeding is now being dismissed. It may be reopened at the conclusion of the state court proceedings on motion of either party, without costs. If any party requests, this court will review the state court judgment within the limitations of

motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories

wherein such motor vehicle was operated and within which such liability was incurred;....

law, (See *In re Hawes,* 73 B.R. 584 (Bankr. E.D.Wis., 1987)), and, if appropriate, merge the state court judgment into a bankruptcy court judgment.

An order shall be entered in accordance with this decision.

## ORDER

This court this day filed its written Decision following earlier argument and discussion and the filing of briefs. In accordance with the Decision,

IT IS ORDERED, that:

1. The motions of the defendant to dismiss the adversary proceeding be, and the same are hereby, denied without costs to any party;

2. The plaintiff and the defendant are directed to return to state court to proceed with the litigation pending in state court;

3. The automatic stay is modified to permit the plaintiff to proceed with the state court litigation;

4. The state court judge may determine the dischargeability of the alleged debts;

5. This adversary proceeding shall be dismissed at this time without prejudice and without costs to any person;

6. This adversary proceeding may be reopened upon motion of any party without payment of costs or fees at the conclusion of the state court action; and

7. If any party requests, this court will review the state court judgment within the limitations of law, and, if appropriate, merge the state court judgment into a bankruptcy court judgment.