**In re Michael R. STRAUP, Debtor.**

**Elsie BRYANT, Plaintiff/Appellant,**

v.

**Michael R. STRAUP,**
**Defendant/Appellee.**

**Civ. No. C–87–1007W.**

**Bankruptcy No. 85A–03893.**

United States District Court,
D. Utah, C.D.

Aug. 22, 1988.

William W. Downes, Jr., Salt Lake City, Utah, for plaintiff/appellant, Elsie Bryant.

Scott C. Pierce, Salt Lake City, Utah, for defendant/appellee, Michael R. Straup.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court regarding a bankruptcy appeal of a final judgment entered on November 19, 1987 in a dischargeability action. The court held a hearing regarding the appeal on May 20, 1988. William W. Downes, Jr. appeared on behalf of the appellant, Elsie Bryant. Scott C. Pierce appeared on behalf of the appellee, Michael R. Straup. Following the hearing, the court requested supplemental briefs which were prepared and submitted by both counsel. After taking this matter under advisement, the court has further

considered the law and facts and now renders the following memorandum decision and order.

## Background

On July 21, 1984, Harry Bryant died as a result of an auto-pedestrian accident. As Mr. Bryant was crossing First South and State Street, he was hit by a vehicle driven by Mr. Straup. Harry Bryant was survived by his widow, Elsie Bryant, and their five children.

On her own behalf and on behalf of her children, Elsie Bryant filed a civil action in this district court. Mr. Straup was served with a summons and complaint. After Mr. Straup failed to answer, his default was entered. On November 15, 1985, Mr. Straup filed a Chapter 7 bankruptcy petition. The filing of the bankruptcy petition stayed the district court proceeding. Although a motion to enter a default judgment had been filed and argued, the district court had not entered a default judgment prior to the petition date.

On December 30, 1985, an adversary proceeding was filed by Elsie Bryant in the Straup bankruptcy case alleging that the debt owed to the Bryants was nondischargeable pursuant to Section 523(a)(9) of Title 11. The complaint alleged that at the time of the accident Mr. Straup was legally intoxicated while driving a motor vehicle.

Ms. Bryant filed a motion in the bankruptcy court to lift the automatic stay to permit the district court to enter a judgment in the negligence action pending against Mr. Straup. This motion was denied by order, dated April 4, 1986, of the bankruptcy court. Thereafter, Ms. Bryant filed a motion requesting partial summary judgment on the Section 523(a)(9) claim. The bankruptcy court denied that motion. At the plaintiff's request, the bankruptcy court dismissed the adversary proceeding on November 19, 1987 so that Ms. Bryant could pursue an appeal. On November 20, 1987, Ms. Bryant filed a timely notice of appeal.

## Discussion

In reviewing a decision of the bankruptcy court, this court must make a *de novo* review of all legal determinations and conclusions of law. *In re Mullet*, 817 F.2d 677, 679 (10th Cir.1987); *In re Yeates*, 807 F.2d 874, 877 (10th Cir.1986); *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399–400 (10th Cir.1986).

The question on appeal is whether the bankruptcy court erred in denying Ms. Bryant's motion for partial summary judgment regarding her Section 523(a)(9) claim. In denying Ms. Bryant's motion for summary judgment, this court must assume that the bankruptcy court concluded that Section 523(a)(9) provided no remedy for the Bryants because a judgment had not been entered in the district court action prior to Mr. Straup's bankruptcy filing.[1]

Section 523(a)(9) denies a discharge to an individual debtor for a debt that arises

> from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred....

This provision specifically requires that before such a debt can be rendered nondischargeable, the injured party must have obtained a judgment or consent decree.

Several courts have looked at situations where the debtor filed bankruptcy before an injured party was able to obtain a judgment against the debtor who had incurred a debt for an injury while an intoxicated driver. *See In re Jones*, 80 B.R. 974 (W.D. Mo.1987); *In re Richards*, 59 B.R. 541 (Bankr.N.D.N.Y.1986); *In re Ganzer*, 54 B.R. 75 (Bankr.D.Minn.1985); *In re Thomas*, 51 B.R. 187 (Bankr.E.D.Va.1985); *In re*

---

1. The parties did not request a transcript of the September 30, 1987 hearing before the Honorable John H. Allen. At that hearing Judge Allen denied Ms. Bryant's motion for partial summary judgment.

*Cardona,* 50 B.R. 596 (Bankr.S.D.Fla. 1985).

These cases recognize that the obvious Congressional intent behind Section 523(a)(9) was to remedy the problem raised by certain cases[2] wherein proof of drunk driving was held not to be proof of the willful and malicious intent necessary for a discharge under Section 523(a)(6). *Richards,* 59 B.R. at 543. However, Congress failed to express its intent with precise draftsmanship. As worded, Section 523(a)(9) gives quick-thinking debtors or their attorneys a way out of liability for a drunk driving debt if they can race to the bankruptcy court before the injured party can obtain a judgment. *Thomas,* 51 B.R. at 188–89.

■ This court follows *In re Richards* and others which interpret Section 523(a)(9) broadly so as to effectuate clear public policy concerns. These courts allow judgments or consent decrees relating to debts from drunk driving accidents to be entered post-petition. *Richards,* 59 B.R. at 543; *Thomas,* 51 B.R. at 189.

■ In the present case, the bankruptcy court erred initially in denying Ms. Bryant's motion for relief from the automatic stay.[3] A bankruptcy court should grant relief from the automatic stay in order to enable an injured party to obtain a judgment or consent decree regarding a

debt arising from the debtor's use of a motor vehicle while intoxicated. Thus, the court can insure that debts arising from drunk driving are nondischargeable in bankruptcy. *Cardona,* 50 B.R. at 598. In addition, the bankruptcy judge can grant a motion for abstention and modify the stay to allow a state court to determine the proper amount of such a judgment. *Richards,* 59 B.R. at 544.

The bankruptcy court can defer to either a federal or state court to fix the amount of damages by a judgment. If a judgment is awarded, the bankruptcy court can examine the judgment and, if proper, can find the debt not dischargeable in bankruptcy under Section 523(a)(9). If no judgment is awarded, the debtor can seek dismissal of the dischargeability action.

The bankruptcy court compounded its initial error by determining that Section 523(a)(9) did not provide a remedy to the Bryant family when it denied Ms. Bryant's summary judgment motion. Under the bankruptcy court's apparent analysis, Section 523(a)(9) would not allow relief from the automatic stay in order to permit the entry of a judgment based on a pre-petition claim. The bankruptcy court believed that because the Bryants did not obtain a judgment in the district court action prior to the petition date, they were precluded from recovering under Section 523(a)(9).

---

**2.** *See e.g. In re Campos,* 768 F.2d 1155, 1159 (10th Cir.1985).

**3.** The court observes that Ms. Bryant could have appealed the bankruptcy judge's denial of the relief from stay motion in the bankruptcy case. Despite some initial uncertainty, the circuit courts appear to uniformly hold that an appeal will lie from either an order granting or denying relief from the automatic stay. *Matter of Boomgarden,* 780 F.2d 657, 659–60 (7th Cir. 1985); *In re Kemble,* 776 F.2d 802, 805 (9th Cir.1985); *Grundy Nat'l Bank v. Tandem Mining Corp.,* 754 F.2d 1436, 1439 (4th Cir.1985); *In re American Mariner Industries,* 734 F.2d 426, 429 (9th Cir.1984); *In re Leimer,* 724 F.2d 744, 745 (8th Cir.1984); *In re Comer,* 716 F.2d 168, 171–74 (3rd Cir.1983); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir. 1982); *In re Taddeo,* 685 F.2d 24, 26 n. 4 (2nd Cir.1982).

Even though the time for filing an appeal of the bankruptcy court's denial of Ms. Bryant's

relief from stay motion has expired, a district court can review an order of the bankruptcy court "if no intervening rights will be prejudiced by its action." *Wayne United Gas Co. v. Owens–Illinois Glass Co.,* 300 U.S. 131, 137–38, 57 S.Ct. 382, 386, 81 L.Ed. 557 (1937); *In re Texlon,* 596 F.2d 1092, 1100 (2nd Cir.1979). The Second Circuit has observed:

A bankruptcy proceeding is one continuous, often long, proceeding, within which many other controversies and proceedings occur during the course of administration. There is practical utility in the application of a rule which permits the vacation or modification of bankruptcy orders where subsequent events presented during administration demonstrate the necessity therefor; and to do so would not be inequitable. Nor does the relatively unlimited power thus invoked raise any unanswerable objections of hardship or uncertainty when it is applied pursuant to well established bankruptcy principles.

*Texlon,* 596 F.2d at 1101.

This court concludes that Section 523(a)(9) must be read broadly in order to allow an injured party access to another forum that can enter a judgment relating to a debt arising from a drunk driving incident. Accordingly, this court reverses the bankruptcy court's decision denying Ms. Bryant's summary judgment motion and dismissing the dischargeability complaint. In addition, the court instructs the bankruptcy court to allow Ms. Bryant to liquidate her claim in the district court action and obtain a judgment if she is able to do so. Thereafter, the bankruptcy court can dispose of the dischargeability action.

Accordingly, IT IS HEREBY ORDERED that the bankruptcy court's decision denying Ms. Bryant's motion for partial summary judgment and dismissing the dischargeability action is reversed.