**In re Brian Douglas SCHOLZ, Debtor.**

**TRAVELERS INSURANCE COMPANY, Plaintiff,**

v.

**Brian Douglas SCHOLZ, Defendant.**

**Bankruptcy No. B89–02785(B).
Adv. No. B89–0501.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

March 15, 1990.

William P. Kienzl, Kreiner & Peters Co., L.P.A., Cleveland, Ohio, for plaintiff.

Frank C. Whalen, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this Chapter 7 proceeding, the Plaintiff, Travelers Insurance Company (Travelers), seeks a grant of summary judgment on its complaint against Brian Douglas Scholz (Debtor) regarding dischargeability of a debt under § 523(a)(9) of the Bankruptcy Code. Upon an examination of the parties' respective briefs and of the record generally, the motion for summary judgment is hereby granted upon the following findings of fact and conclusions of law.

The facts are generally undisputed. The Travelers' insured and the Debtor were involved in a vehicular collision on or about December 19, 1986. After paying its insured $4,303.68, Travelers was subrogated to the rights of its insured against the Debtor. Subsequently, Travelers filed a civil action in the state court against the Debtor to recover the amount paid to its insured. Therein, a default judgment was entered against the defendant Debtor. Eleven months later, the Debtor sought relief in this Court by filing his voluntary petition under Chapter 7. This adversary proceeding ensued.

### I.

The dispositive issue for the Court's determination is whether the default judgment taken against the Debtor in the state court action renders the debt owing to Travelers nondischargeable under provisions of § 523(a)(9) of the Bankruptcy Code. In support of its motion for summary judgment, Travelers argues that (1) the debt arises from a judgment entered in a court of record as a result of the debtor's operation of a motor vehicle; and (2) that the Debtor operated his vehicle while legally intoxicated. In that regard, Travelers contends that the requisite elements of § 523(a)(9) have been satisfied and the debt is nondischargeable. Travelers also argues that it is unnecessary for the state court judgment to include a finding of intoxication. On the other hand, the Debtor contends that the Travelers' complaint in the state court action alleged simple negligence and nothing more. Further, he argues that the state court's judgment, which was prepared by Travelers' counsel, mentions no finding relative to intoxication and that this Court is without authority to alter the state court's judgment. Thusly, the Debtor contends that the subject debt is dischargeable.

### II.

In pertinent part, § 523(a)(9) of the Bankruptcy Code provides the following:

523. Exceptions to discharge.

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

11 U.S.C. 523(a)(9)

Subsection (9) of § 523(a) was added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 371, 98 Stat. 364. The purpose for enacting § 523(a)(9) was to provide a nondischargeable remedy for victims of the drunken driver who subsequently seeks a discharge in bankruptcy. Prior to its passage, most complainants in this kind of action sought nondischargeabil-

ity under § 523(a)(6) of the Code. Judicial interpretation of § 523(a)(9) is to be given a broad construction in order to effectuate its legislative intent and underlying policy reason. *In re Richards*, 59 B.R. 541, 543, 14 B.C.D. 348 (Bankr.N.D.N.Y.1986). Section 523(a)(9) is a further embodiment of the "willful and malicious" element required for a finding of nondischargeability under § 523(a)(6), as the 1984 Amendments to the Code intended to establish the presumption of the willful and malicious nature of driving while intoxicated. *Id.* This intent is found in the comment of the House Judiciary Chairman who opined that "[Section 523(a)(9)] clarifies present law relating to the nondischargeability of debts incurred by drunk drivers. Debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under this provision." *See,* 130 Cong. Rec. H. 7489 (June 29, 1984) (Statement of Rep. Rodino), *reprinted in* 1984 U.S.Code Cong. & Admin.News 576, 577.

In 1988, the Ninth Circuit was the first circuit court of appeals to interpret the dischargeability provision of § 523(a)(9). *In re Hudson*, 859 F.2d 1418 (9th Cir.1988). Citing to its earlier ruling in *Foxgord v. Hischemoeller*, 820 F.2d 1030, 1032 (9th Cir.1987), it opined that the most persuasive evidence of congressional intent is the words selected by Congress. *Hudson* at 1419. Although § 523(a)(9) describes the subject debt as one which arises from a judgment or consent decree, the statute does not specifically address whether a claim must be reduced to judgment *or con-sent decree *before* the debtor files for bankruptcy. It also found that all Bankruptcy Courts addressing the issue prior to its decision "Unanimously concluded that the language of § 523(a)(9) does not require that a claim be reduced to judgment or consent decree prior to the offender's bankruptcy," citing: *In re Rose*, 86 B.R. 86 (Bankr.E.D.Mich.1988); *In re Smith*, 83 B.R. 433 (Bankr.E.D.Mich.1988); *In re Jones*, 80 B.R. 974 (Bankr.W.D.Mo.1987); *In re Anderson*, 74 B.R. 463 (Bankr.E.D. Wis.1987); and *In re Tuzzolino*, 70 B.R. 373 (Bankr.N.D.N.Y.1987), *et al.*

Those courts reasoned that, given the clear intent of Congress to prevent drunken drivers from escaping liability by discharging debts in bankruptcy, adherence to a requirement that a creditor first obtain a "judgment or consent decree" would effectively nullify the statute. See, *In re Thomas*, 51 B.R. 187 (Bankr.E.D.Va.1985); *accord, In re Ganzer*, 54 B.R. 75, 13 B.C.D. 778 (Bankr.D.Minn.1985).

Following an exhaustive review of the legislative history of § 523(a)(9), the Ninth Circuit noted that § 523(a)(9) is derived from S. 605 which was introduced by Senator Danforth to amend Title 11 of the U.S. Code. *Hudson* at 1421. Its intent was to clarify conflicting court opinions regarding the dischargeability of DWI judgments. Prior to § 523(a)(9), claimants with debts resulting from DWI judgments could have their claims determined to be nondischargeable only if they could successfully characterize the debtor's conduct as a willful and malicious offense provided for under § 523(a)(6). In most states prior to the 1984 Amendments to the Bankruptcy Code, DWI was not characterized as being "willful." Senate Bill 605's objective was to address that situation by deeming all debts resulting from drunken driving offenses as being "willful and malicious" for purposes of § 523(a)(6). In his comments, Senator Danforth stated:

> Today there exists an unconscionable loophole in the bankruptcy statute which makes it possible for drunk drivers who have injured, killed, or caused property damage to others to escape civil liability for their actions by having their judgment debt discharged in Federal Bankruptcy Court. This loophole affords opportunities for scandalous abuse of judicial processes.
>
> [129 Cong.Rec. S1622 (daily ed. February 24, 1983)]

Senator Heflin's statement also aptly described the intent of Congress in enacting § 523(a)(9).

> This amendment [will] prevent the discharge of judgments *or claims* where the debtor's operation of a motor vehicle while legally intoxicated were to occur.

[129 Cong.Rec. S5362 (daily ed. April 27, 1983)] (emphasis added).

Although the Ninth Circuit noted that two legislators, Senator Dole and Representative Sawyer, made specific references to "judgments" as not being dischargeable, it noted that nothing in their remarks excluded claims not yet reduced to judgment. *Hudson* at 1422. No report was submitted with the final legislation, but a Senate Judiciary Committee Report did accompany the earlier Omnibus Bankruptcy Improvements Act of 1983. The Ninth Circuit noted that that report used the word "judgment" as merely one example of a nondischargeable debt and concluded that it was the primary intent of Congress "to put liability resulting from drunk driving" on the same legal footing as liability arising from a "willful" act which is nondischargeable under § 523(a)(6). *Id.* at 1423. The Ninth Circuit concluded its review of the legislative history of § 523(a)(9) by finding that the Congress intended to accomplish three purposes: (1) to deter drunk driving; (2) to ensure that those who caused injury by drunk driving did not escape civil liability through the bankruptcy laws; and (3) to protect victims of drunk driving.

## III.

The Ohio Traffic Accident Report (Accident Report) revealed that the Debtor was cited for various offenses, including driving under the influence, with a blood alcohol level in excess of .10%.[1] More specifically, the Accident Report indicated that the Debtor was intoxicated at the time of the collision and was operating his vehicle with no tire on the left front wheel.

As evidenced from Exhibit C to Travelers' motion, the Debtor entered a "not guilty" plea upon his arraignment in the Mentor Municipal Court on December 23, 1986. On February 4, 1987, that same exhibit reflects a change of plea to "no contest", with the state court entering an order of "guilty", imposing a fine of $200.00 plus costs, a sentence of seven

days jail time, and attendance at a DWI traffic school. (See, Ex. C, Plaintiff's Motion for Summary Judgment). The same document, Exhibit C, characterized the Debtor as a defendant with an offense described as "Over .10% B.A.C."

The succeeding civil action filed by Travelers in the state court, *inter alia,* stated that "The Defendant [Debtor] negligently operated a motor vehicle in such a manner so as to cause damage to plaintiff's insured's motor vehicle." Beyond that allegation, Travelers prayed for damages in an amount of $4,303.68. Upon the Debtor's failure to plead or otherwise defend against the complaint, Travelers' motion for a default judgment was granted by the state court on the pleadings.

Exhibit C, the Court Action Order containing the Debtor's plea and sentence for the traffic violation, was issued by the Mentor Municipal Court on February 4, 1987. A Municipal Court is a court of record in the State of Ohio, and accordingly, the Mentor Municipal Court sufficiently addresses the requirement of 523(a)(9). The effect of the Debtor's "no contest" plea, and the state court's finding of guilty, was an imposition of liability. It is the same Mentor Municipal Court in which Travelers was later awarded civil damages by default judgment. *See, In re Jackson,* 77 B.R. 120 (Bankr.N.D.Ohio, 1987); *Dougherty v. Brackett,* 51 B.R. 987, 13 B.C.D. 443 (Bankr.D.Colo., 1985). Similarly, this latter judgment was entered by a court of record. Therefore, the relevant facts clearly demonstrate the requirements of § 523(a)(9) have been satisfied: (1) a judgment entered by a court of record and (2) liability was incurred as a result of the debtor's operation of a motor vehicle. The record of the state court, as examined, supports both elements of § 523(a)(9). It is unnecessary for the requisite elements to be adjudicated in the same judgment so long as both elements of § 523(a)(9) were established prior to a debtor's bankruptcy filing by a court of record. Thusly, the

---

**1.** Pursuant to Ohio Revised Code § 4511.19(A)(2), a charge of driving under the influence of alcohol is substantiated where

there is a finding of a concentration of .10% or more by weight of alcohol in the subject's blood.

Debtor's contention that the later civil action default judgment is silent regarding a finding of intoxication thereby defeating dischargeability is meritless. The record, as a whole supports nondischargeability under § 523(a)(9).

As stated above, the legislative purpose of § 523(a)(9) is to bar the discharge of a debt created as a result of drunk driving. This case presents a classic example for the underlying purpose of § 523(a)(9). Here the consummated criminal action and the civil judgment support nondischargeability.

Under Rule 56(c), Fed.R.Civ.P., the judgment sought shall be rendered if the pleadings, depositions, etc., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Herein, by reason of the above findings, there is no genuine issue as to any material fact entitling the Plaintiff to judgment as a matter of law.

### Conclusion

Accordingly, the subject debt is determined to be nondischargeable under § 523(a)(9). The motion for summary judgment is hereby granted.

IT IS SO ORDERED.