In re Brian D. MELLOTT, Debtor.

Kenneth and Carolyn E. ALGE, Plaintiffs,

v.

Brian D. MELLOTT, Defendant.

Bankruptcy No. 94–3093.
Related No. 94–30882.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

June 23, 1995.

Brian D. Mellott, Findlay, OH, pro se.

William Scott O'Brien, Findlay, OH, for Plaintiffs.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiffs' Motion for Summary Judgment. The Court has reviewed the written arguments of Counsel, supporting memorandum, and exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, this Court finds that Plaintiffs' Motion for Summary Judgment should be granted.

### FACTS

On October 18, 1992, at approximately 2:10 A.M., Defendant was driving a pick-up truck on County Road No. 8 in Delaware Township of Hancock County, Ohio. The truck was owned by one Jeffrey A. Alge, who at the time was a passenger in the truck. While driving, Defendant lost control of the truck, slid across the road, and crashed into a power pole. The crash caused Mr. Alge's head to become wedged in between the passenger door and the roof of the truck, breaking his neck. The Deputy Coroner pronounced Mr. Alge dead at the scene of the accident. Defendant's blood alcohol content was .232, which is over twice the amount of blood alcohol content that makes it illegal for a person to drive a motor vehicle in the State of Ohio.

Defendant pleaded guilty in the Findlay Municipal Court to the charges filed against him after the accident. As a result, that Court sentenced him to 180 days in jail, permanently revoked his driver's license, and fined him One Thousand Dollars ($1,000). Plaintiffs in the present case are now pursuing a wrongful death action against Defendant.

Defendant filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on April 15, 1994. Defendant listed the Plaintiffs as creditors in the bankruptcy proceeding. On June 7, 1994, Plaintiffs filed a Complaint to determine whether their wrongful death claim against the Defendant is non-dischargeable under § 523(a)(9). In October 1994, Defendant's attorney advised Defendant to settle the matter in question, which the Defendant apparently agreed to do. Since then, however, Defendant has failed to maintain contact with his attorney. After Defendant's attorney failed in numerous attempts to contact Defendant by both telephone and certified mail, this Court granted Defendant's attorney's Motion to Withdraw as attorney of record for Defendant. Plaintiffs proceeded to file the present Motion for Summary Judgment on January 19, 1995.

## LAW

The relevant law reads in part as follows:

### § 523  Exceptions to discharge

(a) A discharge under section 727, 1141, [,] 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

### Ohio Revised Code § 4511.19

(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood.

## DISCUSSION

Questions regarding the dischargeability of debts are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Bankruptcy Rules provide that summary judgment will be granted when the movant can demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant may successfully demonstrate the lack of any genuine issues of material fact by proffering evidence indicating that absence of genuine issues of material fact, or by exposing before the Court an absence of evidence supporting the non-moving party's case. *Id.* at 325–27, 106 S.Ct. at 2554. Rule 56 does not require, either expressly or impliedly, that the movant support its motion for summary judgment with any affidavits or other like materials. *Id.* at 323–25, 106 S.Ct. at 2553.

Once the movant has demonstrated the lack of any genuine issues of material fact, the opponent must come forth with more than a simple showing "that there is some metaphysical doubt as to the material facts." *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, the opponent must display specific facts demonstrating that a genuine issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, in order to defeat a motion for summary judgment, the opponent must offer more than the "mere existence of some alleged factual dispute between the parties to defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247–49, 106 S.Ct. at 2510.

A "material" fact is a fact that could affect the outcome of the lawsuit under the applicable substantive law. *Id.* Thus, the court must apply the standard of proof that would be employed at the trial on the merits. *Id.* at 249–51, 106 S.Ct. at 2511. In addition, the dispute concerning the material fact must be "genuine." *Id.* at 247–49, 106 S.Ct. at 2510. The Supreme Court has ruled that a dispute is "genuine" should the evidence suggest that a reasonable jury could issue a verdict for the non-moving party. *Id.*

Despite the opponent's burden to produce material facts evincing a genuine dispute, the opponent is not required to produce any evidence that would be admissible at trial. *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2553. In addition, a motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586–88, 106 S.Ct. at 1356.

Plaintiffs' Motion for Summary Judgment espouses that Defendant's operation of the pick-up truck was unlawful because the Defendant was intoxicated from using alcohol. Therefore, Plaintiffs contend that their wrongful death claim is non-dischargeable under 11 U.S.C. § 523(a)(9). Defendant has denied that his operation of a motor vehicle, which at the time of the accident was unlaw-

ful due to Defendant's intoxication, was the cause of Mr. Alge's death. Therefore, Defendant contends that his debt to Plaintiffs is dischargeable under Chapter 7 of the Bankruptcy Code. More precisely, the only issue which exists is whether the Plaintiffs' wrongful death claim is non-dischargeable under 11 U.S.C. § 523(a)(9).

Section 523(a)(9) exempts from discharge under Chapter 7 death and personal injury claims arising from debtor's operation of a motor vehicle while debtor was intoxicated from using alcohol, drugs, or other similar substances. 11 U.S.C. § 523(a)(9). By enacting this section, Congress sought to: 1) deter drunk driving; 2) ensure that those who cause injury while driving while intoxicated do not escape civil liability through bankruptcy laws; and 3) protect victims of drunk driving. *State Farm Mutual Automobile Insurance Co. v. Mahlman*, 136 B.R. 723, 726 (Bankr.S.D.Ohio 1992). Section 523(a)(9) is to be construed broadly "in order to effectuate its legislative intent and underlying policy reason." *In re Scholz*, 111 B.R. 651, 653 (Bankr.N.D.Ohio 1990); *In re Richards*, 59 B.R. 541, 543 (Bankr.N.D.N.Y.1986). Before Congress amended this statute in 1990, such a debt would still be dischargeable unless the debt arose from a judgment or consent decree from another court. *Collier on Bankruptcy*, 523–160, ¶ 523.18A. The 1990 amendment eliminated this requirement. *Id.* However, the movant still bears the burden of proof when seeking an exception to discharge. *In re Kupinsky*, 133 B.R. 993 (Bankr.S.D.Ill.1991).

Also, § 523 non-dischargeability claims must be liberally construed in favor of the debtor and strictly construed against the creditor. *Id.* Thus, in order to succeed on a claim for exception to discharge, the movant must demonstrate by a *preponderance of the evidence* that the debtor was legally intoxicated under state law at the time of the accident. *Id.; Whitson v. Middleton*, 898 F.2d 950, 952 (4th Cir.1990).

The Bankruptcy Code itself is silent as to the standard of proof required to establish the exceptions to discharge under § 523. *In re Humphrey*, 102 B.R. 629, 632 (Bankr. S.D.Ohio 1989); *Combs v. Richardson*, 838

F.2d 112, 116 (4th Cir.1988). However, the Court in *Humphrey* ruled that "the correct burden of proof under § 523(a)(9) is a preponderance of the evidence rather than clear and convincing evidence." *Id.* In addition, the *Humphrey* Court ruled that Ohio Rev. Code § 4511.19(A)(1) constitutes legal intoxication within the meaning of § 523(a)(9) of the Bankruptcy Code. *Id.* at 633. The Court stated "the types of alcohol-related traffic offenses included in Ohio Rev.Code § 4511.19(A), i.e. driving under the influence and driving with a prohibited concentration of alcohol, describe 'legal intoxication' for purposes of § 523(a)(9) of the Bankruptcy Code." *Id.* at 634.

Under the afore-stated section, the Ohio Revised Code makes it illegal for a person to operate a motor vehicle if that person's blood alcohol content is .100 or higher. Defendant's blood alcohol level, taken at the scene of the accident, was .232. This was over twice the level which constitutes legal intoxication for purposes of operating a motor vehicle in Ohio. In Defendant's criminal trial following the accident, the Municipal Court of Findlay found the Defendant guilty, sentencing him to a fine of One Thousand Dollars ($1,000), permanent revocation of his drivers license, and incarceration for 180 days in the Hancock County Justice Center.

Defendant has failed to provide this Court with any reason as to why this debt should not be excepted from discharge, save for his naked denial that his unlawful operation of a motor vehicle while intoxicated caused the decedent's death. Hence, *no genuine issues of material fact* remain in this case. Therefore, the foregoing evidence, strictly construed against the Plaintiffs, clearly shows by a preponderance of the evidence that the debtor was legally intoxicated under Ohio law at the time of the accident. Plaintiffs have met their burden of proof in excepting this debt from discharge. Indeed, the facts demonstrate that this debt is precisely the kind of debt that Congress intended to exempt from discharge under § 523(a)(9). Having fully demonstrated the elements of their cause of action (that Defendant was legally drunk at the time of the accident), Plaintiffs

are entitled to Summary Judgment as a matter of law.

Plaintiffs' Motion for Summary Judgment is therefore granted on the sole basis that its claim is exempt from discharge under 11 U.S.C. § 523(a)(9). This case is consequently fully adjudicated on the Motions of the parties.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment be, and is hereby, **GRANTED.**